NOT DESIGNATED FOR PUBLICATION

No. 124,270

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

ERIC NEAL,
*Appellant*,

v.

STATE OF KANSAS,
*Appellee*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; CHRISTOPHER M. MAGANA, judge. Opinion filed August 19, 2022. Affirmed.

*Sam S. Kepfield*, of Hutchinson, for appellant.

*Julie A. Koon*, assistant district attorney, *Marc Bennett*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before ARNOLD-BURGER, C.J., MALONE and COBLE, JJ.

PER CURIAM:  Eric Neal appeals the district court's summary denial of his second K.S.A. 60-1507 motion, which the district court found to be untimely and successive. Neal argues his trial counsel and the trial court first violated his right to a speedy trial by agreeing to continuances without his consent and holding him in custody beyond the statutory time limit. He then contends his appellate and postconviction counsel failed to raise this speedy trial issue in subsequent litigation. Although Neal indirectly admits this K.S.A. 60-1507 motion is untimely, he argues he established manifest injustice to excuse the untimely filing. But this and his other arguments are unavailing, as Neal fails to

1

present evidence or reasoned arguments suggesting manifest injustice to excuse his untimely filing. As a result, we find his motion untimely and affirm the district court's decision.

FACTUAL AND PROCEDURAL BACKGROUND

In December 2000, a jury convicted Neal of second-degree murder, criminal possession of a firearm, aggravated assault, aggravated battery, and endangering a child in consolidated criminal cases. The district court sentenced Neal to 653 months in prison. Neal appealed his convictions of second-degree murder and criminal possession of a firearm, and his convictions and sentencing were affirmed by this court in *State v. Neal*, No. 86,756, 2002 WL 35657509 (Kan. App. 2002) (unpublished opinion). The details of Neal's underlying criminal cases were previously discussed by this court, and we omit them here as irrelevant to the issue on appeal.

Five years later, Neal filed a pro se motion to correct an illegal sentence arguing that the district court erred in multiple ways, including by violating his speedy trial rights. He claimed issues with his counsel's communication and argued he either was unaware or did not consent to continuances approved by his counsel. The district court summarily denied Neal's motion. As part of its order, the district court found that Neal's statutory speedy trial rights were not violated. Neal appealed but did not raise the speedy trial claims on appeal. This court affirmed the district court, finding that Neal's motion was procedurally barred because he was using it as a second appeal. *State v. Neal*, No. 100,366, 2009 WL 1140329, at *1-2 (Kan. App. 2009) (unpublished opinion). The Kansas Supreme Court ultimately reversed this court on other issues not relevant to this dispute and remanded the case for an evidentiary hearing. See *State v. Neal*, 292 Kan. 625, 626, 258 P.3d 365 (2011).

At the hearing following remand, Neal withdrew his illegal sentence claims. He later filed several other motions to correct illegal sentences which the district court denied, and this court affirmed upon appeal. Neal did not raise the speedy trial issues in these later motions.

About a year after the Supreme Court's ruling and almost nine years after the termination of direct appellate jurisdiction, Neal revived his speedy trial claims in his first K.S.A. 60-1507 motion, filed in 2012. He alleged in part that continuances approved by his counsel were unauthorized and that both his trial and appellate attorneys were ineffective for failing to address the speedy trial issue. But after the district court appointed counsel to represent Neal on the K.S.A. 60-1507 motion, his counsel amended the motion to address only an issue with an allegedly defective jury instruction. The district court summarily denied Neal's motion largely because it found the motion was untimely. This court affirmed the ruling. See *Neal v. State*, No. 108,590, 2014 WL 642044, at *7 (Kan. App. 2014) (unpublished opinion). Neal filed a petition for review and our Supreme Court denied review July 21, 2015.

In March 2018, Neal filed his second and present K.S.A. 60-1507 motion, asserting that his appellate and postconviction attorneys were ineffective in their performance for failing to raise the speedy trial violations created by his trial counsel. Neal argued that the ineffective assistance of appellate and postconviction counsel constituted an exceptional circumstance that prevented him from raising the issue in his first postconviction motion. Neal again contended that his constitutional right to a speedy trial was first violated by his trial counsel and the court abused its discretion by granting his trial counsel's continuances outside his presence, which he did not authorize. He also maintained his direct appeal counsel failed to raise the issue on appeal, and his postconviction attorneys removed the speedy trial issue from his first K.S.A. 60-1507 motion. Although his motion mentioned in passing his "constitutional right to a speedy

trial," Neal only provided argument on his statutory speedy trial rights under K.S.A. 22-3402.

The State argued in its response to Neal's K.S.A. 60-1507 motion that the motion did not warrant appointment of counsel or an evidentiary hearing because it was untimely, and he failed to establish manifest injustice to excuse the late filing. The State also argued Neal's claims were successive because the court need not entertain a second or successive motion for K.S.A. 60-1507 relief. See *State v. Mitchell*, 315 Kan. 156, 160, 505 P.3d 739 (2022). Unless Neal could show exceptional circumstances a second or successive motion may be dismissed. See 315 Kan. at 160. The State claimed that because Neal failed to establish manifest injustice or exceptional circumstances, this untimely second K.S.A. 60-1507 motion should be barred, and even if it were not untimely, it failed on the merits.

The district court adopted the State's arguments in its order and summarily dismissed Neal's K.S.A. 60-1507 motion, finding he was not entitled to an evidentiary hearing, his claims were not timely filed, and his claims were successive in part. The district court also found Neal had no statutory right to a speedy trial under K.S.A. 22-3402.

Neal timely appeals.

ANALYSIS

On appeal, Neal argues the district court erred in summarily denying his K.S.A 60-1507 motion. Neal insists that he established both manifest injustice and exceptional circumstances which warranted an evidentiary hearing on his speedy trial claims. The State contends that the district court's decision must be affirmed because Neal's K.S.A. 60-1507 motion was untimely and the claims successive.

4

*Standard of Review*

A district court facing a K.S.A. 60-1507 motion has three options:

> """(1) The court may determine that the motion, files, and case records conclusively show the prisoner is entitled to no relief and deny the motion summarily; (2) the court may determine from the motion, files, and records that a potentially substantial issue exists, in which case a preliminary hearing may be held. If the court then determines there is no substantial issue, the court may deny the motion; or (3) the court may determine from the motion, files, records, or preliminary hearing that a substantial issue is presented requiring a full hearing."" [Citations omitted.]" *State v. Adams*, 311 Kan. 569, 578, 465 P.3d 176 (2020).

Which option the district court chooses to use when reaching its decision affects the appellate court's standard of review. 311 Kan. at 578. Here, when the district court summarily dismisses a K.S.A. 60-1507 motion without holding a hearing, the appellate court conducts a de novo review to determine whether the motion, files, and records of the case conclusively establish that the movant is not entitled to relief. *Beauclair v. State*, 308 Kan. 284, 293, 419 P.3d 1180 (2018). This court owes no deference to the district court. *Bellamy v. State*, 285 Kan. 346, 354, 172 P.3d 10 (2007).

*Neal does not overcome the procedural bar of untimeliness.*

Under K.S.A. 2017 Supp. 60-1507(f)(1)(A), Neal had to file his motion within one year of the final order of the last Kansas appellate court to exercise jurisdiction on his direct appeal. This one-year limitation may be extended by the district court "only to prevent a manifest injustice." K.S.A. 2017 Supp. 60-1507(f)(2).

Neal filed his instant motion 15 years after the termination of appellate jurisdiction over his direct appeal in 2003, and nearly 3 years following our Supreme Court's 2015

denial of review of this court's most recent appellate opinion. See *Neal*, 2014 WL 642044. Neal filed his motion well beyond the one-year statutory limitation.

Neal does not contest on appeal that his K.S.A. 60-1507 motion is untimely. In fact, he implicitly acknowledges that his motion was untimely by citing the one-year limit found in K.S.A. 60-1507(f). To save his untimely filing, Neal claims that he shows manifest injustice to overcome the one-year time limit and the district court should have granted a full evidentiary hearing.

Because the motion is admittedly untimely, we must examine what constitutes manifest injustice. Effective July 1, 2016, the Legislature amended K.S.A. 60-1507(f)(2) to define this phrase. The statute outlines that in determining whether a claimant has shown manifest injustice, courts are "limited to determining why the prisoner failed to file the motion within the one-year time limitation or whether the prisoner makes a colorable claim of actual innocence." K.S.A. 2021 Supp. 60-1507(f)(2)(A). Our Supreme Court has also described "manifest injustice," in the context of K.S.A. 60-1507(f)(2), as that which is "'obviously unfair' or 'shocking to the conscience.'" *State v. Kelly*, 291 Kan. 868, 873, 248 P.3d 1282 (2011) (quoting *Ludlow v. State*, 37 Kan. App. 2d 676, 686, 157 P.3d 631 [2007]). Courts are to dismiss a motion as untimely filed if, after inspection of the motion, files, and records of the case, the court determines the time limitations have been exceeded and dismissing the motion would not equate with manifest injustice. K.S.A. 2021 Supp. 60-1507(f)(3).

The burden is on Neal, as the movant, to establish manifest injustice by a preponderance of the evidence. See *White v. State*, 308 Kan. 491, 496, 421 P.3d 718 (2018). If the appellant fails to assert manifest injustice, the motion is procedurally barred. *State v. Roberts*, 310 Kan. 5, 13, 444 P.3d 982 (2019).

6

Neal's support of his manifest injustice argument is sparse at best. His sole rationale is that the district court erred in evaluating his counsels' performance, so he explores the test established by the United States Supreme Court in *Strickland* to support his ineffective assistance argument. See *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984) (adopted by *Chamberlain v. State*, 236 Kan. 650, 694 P.2d 468 [1985]). But what Neal does not do is logically connect his ineffective assistance claims to his manifest injustice argument, or provide any support for such a link, let alone supply enough evidence to reach the preponderance standard.

Neal fails to persuasively explain how the alleged ineffective assistance of his trial and appellate counsel—claims which he has raised previously—now reveals manifest injustice to excuse his untimely filing. Neal made the argument against his trial counsel in his first motion to correct illegal sentence more than a decade ago and provides no reason why failing to revisit the issue now would equate to manifest injustice. And in its order denying Neal's motion, the district court found his argument that he could not timely file this claim because of his direct appeal counsel unconvincing because Neal raised the speedy trial issue against his trial and appellate counsel in his first K.S.A. 60-1507 motion. We agree.

Although he now brings an arguably new claim against his first K.S.A. 60-1507 counsel for removing the speedy trial claim from his prior motion, which may defeat the State's argument for the successiveness of this entire second motion, we need not reach the issue of successiveness here. Neal presents us no reasonable excuse, argument, or authority which would excuse his failure to timely file this second K.S.A. 60-1507 motion to address his postconviction counsel's actions. The litigation of his previous motion was complete in 2015, and he simply provides no excuse for his nearly three-year delay in filing the current motion. Neal's plentiful prior litigation reveals his understanding of the court system, and he presents no explanation why he could not timely raise the speedy trial issue on his own, even if his prior counsel chose not to.

By statute, we are required to determine why Neal failed to file his K.S.A. 60-1507 motion within the one-year time limit. See K.S.A. 2017 Supp. 60-1507(f)(2)(A). Yet Neal simply does not answer that question.

As the movant, Neal bears the burden of establishing that he is entitled to an evidentiary hearing. To meet his burden, his contentions must be more than conclusory, and he must either set forth an evidentiary basis to support those contentions or the basis must be evident from the record. See *Thuko v. State*, 310 Kan. 74, 80, 444 P.3d 927 (2019). But Neal fails to satisfy this burden. He presents a conclusory statement suggesting manifest injustice, without authority or evidence to support it. Neal also provides us no evidence which demonstrates that prohibiting him to do so at this late date would be "'obviously unfair' or 'shocking to the conscience.'" Because Neal fails to meet the requisite burden, he is not entitled to an evidentiary hearing.

After inspection of the motion, briefing, and other records of this case, it is evident the time limitations have been exceeded. It is not manifestly unjust to apply the statutory time limit to Neal's claim, particularly under these circumstances where he has repeatedly raised the speedy trial contentions in prior motions regarding his trial and appellate counsel. And he has provided no facts or any persuasive evidence to explain why he delayed in pursuing such a claim against his first K.S.A. 60-1507 counsel. For these reasons, we find Neal's current motion untimely and find no error in the district court's summary denial of his K.S.A. 60-1507 motion. Finding the motion procedurally barred by its untimeliness, it is unnecessary to reach the successiveness claim or the merits of the speedy trial claim under these facts.

Affirmed.