IN THE SUPREME COURT OF THE STATE OF KANSAS

No. 119,747

STATE OF KANSAS,
*Appellee*,

v.

ROBERT E. MITCHELL,
*Appellant*.

SYLLABUS BY THE COURT

1.

An appellate court exercises de novo review over the determination of whether a sentence is illegal within the meaning of K.S.A. 2020 Supp. 22-3504.

2.

The definition of an illegal sentence does not include a claim that a defendant was denied his or her statutory right to a speedy trial.

3.

The definition of an illegal sentence does not include a claim that a district court failed to comply with statutory allocation requirements.

4.

Appellate courts have discretion to construe an improper motion to correct an illegal sentence as a motion challenging a sentence under K.S.A. 60-1507.

5.

K.S.A. 60-1507 motions are time-barred if filed more than one year after the case is final unless a movant can establish manifest injustice.

6.

A second or successive K.S.A. 60-1507 motion may be dismissed as an abuse of remedy unless the defendant establishes exceptional circumstances for the subsequent motion. Exceptional circumstances are unusual events or intervening changes in the law that prevented the defendant from raising the issue in a preceding 60-1507 motion.

Appeal from Johnson District Court; TIMOTHY P. MCCARTHY, judge. Opinion filed March 11, 2022. Affirmed.

*Brittany E. Lagemann,* of Olathe, was on the brief for appellant.

*Jacob M. Gontesky*, assistant district attorney, *Stephen M. Howe*, district attorney, and *Derek Schmidt*, attorney general, were on the brief for appellee.

The opinion of the court was delivered by

ROSEN, J.: In 1988, a Johnson County jury convicted Robert E. Mitchell of aggravated burglary, aggravated kidnapping, rape, and two counts of aggravated sodomy. In the years following his convictions, Mitchell has unsuccessfully petitioned the courts for various forms of relief. Mitchell filed a pro se motion to correct an illegal sentence under K.S.A. 22-3504 which the district court summarily denied. Mitchell appeals, arguing that his sentence is illegal because he was denied his statutory right to a speedy trial and his right to allocution at sentencing. However, neither claim is properly before this court in a motion to correct an illegal sentence, and Mitchell does not allege that we should construe his motion as one challenging his sentence under K.S.A. 60-1507. But

2

even if we did, Mitchell's motion is both untimely and successive. As a result, we affirm the district court.

*Factual and Procedural Background*

Mitchell was convicted of multiple crimes in 1988 for unlawfully entering the victim's house and sexually assaulting her. He was convicted of and sentenced to a term of life imprisonment for aggravated kidnapping; a term of 45 years to life in prison for each rape and aggravated sodomy count; and a term of 15-60 years in prison for aggravated burglary. The district court imposed a controlling prison sentence of a minimum of life plus 60 years and a maximum of two life sentences plus 60 years. We affirmed Mitchell's convictions and sentence on direct appeal. *State v. Mitchell*, No. 62,234, 784 P.2d 365 (Kan. 1989) (unpublished opinion).

Thereafter, Mitchell unsuccessfully sought relief through various postconviction motions. See, e.g., *State v. Mitchell*, 284 Kan. 374, 379, 162 P.3d 18 (2007) (affirming summary dismissal of motion to correct illegal sentence); *Mitchell v. McKune*, No. 109,285, 2014 WL 349584, at *6 (Kan. App. 2014) (unpublished opinion) (affirming denial of K.S.A. 60-1507 motion); *Mitchell v. State*, No. 87,218, 2002 WL 35657541, at *1 (Kan. App. 2002) (unpublished opinion) (affirming denial of K.S.A. 60-1507 motion).

We now consider the latest of Mitchell's pro se motions to correct an illegal sentence. In the motion, Mitchell alleged violations of his constitutional and statutory rights to a speedy trial and claimed that the district court had illegally sentenced him as a habitual offender and had improperly deprived him of his right to allocution at sentencing. Mitchell also argued that trial and appellate counsel were ineffective in failing to raise these issues.

3

Finding no need for the appointment of counsel or a preliminary hearing, the district court summarily denied Mitchell's motion. The court concluded that the issues raised in the motion had previously been rejected by multiple courts and that no exceptional circumstances justified reconsideration of these issues.

Mitchell filed this timely appeal. Jurisdiction is proper. See K.S.A. 2020 Supp. 22-3601(b)(3) (Supreme Court has jurisdiction over case in which life sentence is imposed); *State v. Sims*, 294 Kan. 821, 823-24, 280 P.3d 780 (2012) (Supreme Court has jurisdiction over motion to correct an illegal sentence filed in a case in which defendant received a life sentence).

*Analysis*

Whether a sentence is illegal is a question of law subject to de novo review. *State v. Sartin*, 310 Kan. 367, 369, 446 P.3d 1068 (2019). An illegal sentence is defined as: (1) a sentence imposed by a court without jurisdiction; (2) a sentence that does not conform to the applicable statutory provision, either in character or the term of authorized punishment; or (3) a sentence that is ambiguous with respect to the time and manner in which it is to be served. K.S.A. 2020 Supp. 22-3504(c)(1); *State v. Hambright*, 310 Kan. 408, 411, 447 P.3d 972 (2019).

When a district court summarily denies a motion to correct an illegal sentence under K.S.A. 22-3504, this court exercises de novo review of that decision because we have access to the same documents as the district court. *State v. Alford*, 308 Kan. 1336, 1338, 429 P.3d 197 (2018). A K.S.A. 22-3504 motion may be summarily denied without the appointment of counsel when the motion, files, and records of the case conclusively show the defendant has no right to relief. *State v. Laughlin*, 310 Kan. 119, 121, 444 P.3d 910 (2019).

4

*No illegality under K.S.A. 2020 Supp. 22-3504*

At the outset, we note that Mitchell has abandoned his claims below that his constitutional speedy trial rights were violated and that he was illegally sentenced as a habitual offender. See *State v. Salary*, 309 Kan. 479, 481, 437 P.3d 953 (2019) (issues not briefed are deemed waived or abandoned). On appeal, Mitchell argues only that his sentence is illegal because he was deprived of his statutory right to a speedy trial and his right to allocution at sentencing.

But neither of Mitchell's arguments give rise to a claim of an illegal sentence under K.S.A. 2020 Supp. 22-3504. The illegal sentence statute is one of specific and limited application. *Alford*, 308 Kan. at 1338. Mitchell's assertions of a statutory speedy trial rights violation and the denial of his right to allocution do not involve claims that divest the district court of jurisdiction. Nor do they allege that his sentence did not conform to the applicable statutory provision or was ambiguous with respect to the time and manner in which it was to be served. See K.S.A. 2020 Supp. 22-3504(c)(1); *State v. Taylor*, 299 Kan. 5, 8, 319 P.3d 1256 (2014) (claim that defendant was denied his or her statutory right to speedy trial is not properly raised in motion to correct illegal sentence); *State v. Mebane*, 278 Kan. 131, Syl. ¶ 1, 91 P.3d 1175 (2004) ("The district court's failure to comply with the statutory allocution requirements does not make a defendant's sentence illegal.").

*No relief under K.S.A. 2020 Supp. 60-1507*

While appellate courts have discretion to construe an improper motion to correct an illegal sentence as a motion challenging the sentence under K.S.A. 60-1507, Mitchell makes no such request here. See *State v. Redding*, 310 Kan. 15, 19, 444 P.3d 989 (2019) (citing *State v. Harp*, 283 Kan. 740, 744-45, 156 P.3d 1268 [2007]). Indeed, in one of his

filings below, Mitchell specifically asked the district court clerk to give the motion a criminal case number, rather than a civil one, and stated: "This is a K.S.A. § 22-3504 motion to correct an illegal sentence, not a K.S.A. § 60-1507 motion."

But even if we were to construe Mitchell's motion as one brought under K.S.A. 60-1507, he would not be entitled to relief because he cannot overcome certain procedural hurdles. K.S.A. 2020 Supp. 60-1507(f) requires the motion to be filed within one year of the case becoming final unless the movant can show manifest injustice. Mitchell clearly exceeded that time limit and provides no manifest injustice argument.

In addition, Mitchell's motion is successive in that he asserts claims that were decided, or which could have been decided, on direct appeal or in the multiple motions challenging his 1988 convictions and sentence he has filed since that time. In 2009, Mitchell petitioned for writ of habeas corpus alleging the same speedy trial issue he now raises. Construing the petition as one brought under K.S.A. 60-1507, the district court summarily denied it. After reviewing the merits of Mitchell's speedy trial argument, the Court of Appeals affirmed the district court, holding that "the motion, files, and records conclusively show that Mitchell's statutory right to a speedy trial was not violated." See *Mitchell*, 2014 WL 349584, at \*6. Under the law-of-the-case doctrine, we generally do not reconsider issues that have been finally decided in prior appeals in the same case. *State v. Cheeks*, 313 Kan. 60, 66, 482 P.3d 1129 (2021); *State v. Parry*, 305 Kan. 1189, 1194-95, 390 P.3d 879 (2017) (litigants must proceed in accordance with mandates and legal rulings as established in previous appeals).

And under K.S.A. 2020 Supp. 60-1507(c), district courts need not consider more than one habeas motion seeking similar relief filed by the same prisoner. See Kansas Supreme Court Rule 183(d) (2022 Kan. S. Ct. R. at 242). Because a movant is presumed to have listed all grounds for relief in his or her initial K.S.A. 60-1507 motion, a prisoner

6

must show exceptional circumstances to justify the filing of a successive motion. *Littlejohn v. State*, 310 Kan. 439, 446, 447 P.3d 375 (2019); see *State v. Trotter*, 296 Kan. 898, Syl. ¶ 2, 295 P.3d 1039 (2013). Exceptional circumstances include "unusual events or intervening changes in the law which prevent[ed] a movant from reasonably being able to raise all of the trial errors in the first postconviction proceeding." *State v. Kelly*, 291 Kan. 868, Syl. ¶ 2, 248 P.3d 1282 (2011).

In his appellate brief, Mitchell does not point to any changes in the law or unusual events that would justify the filing of a successive K.S.A. 60-1507 motion, effectively waiving this argument. See *Salary*, 309 Kan. at 481. In his motion to correct an illegal sentence, Mitchell suggested that ineffective assistance of trial and appellate counsel and inadequate access to the prison law library constituted exceptional circumstances that warranted the court's reconsideration of the issues raised in his motion.

Neither excuse rises to the level of exceptional circumstances that prevented Mitchell from raising these claims in his first K.S.A. 60-1507 motion. While an ineffective assistance of counsel claim may constitute an exceptional circumstance, any ineffectiveness relating to Mitchell's speedy trial rights and sentencing allocution occurred before he filed his first 60-1507 motion in 1996. See *Rowland v. State*, 289 Kan. 1076, 1087, 219 P.3d 1212 (2009) ("Ineffective assistance of counsel can qualify as an exceptional circumstance."). Thus, ineffective assistance of counsel at trial or on direct appeal was not an intervening event that would excuse Mitchell's failure to raise the issues in his first 60-1507 motion. Notably, Mitchell argued ineffective assistance of counsel in his first 60-1507 motion, albeit on different grounds. See *Mitchell*, 2002 WL 35657541, at *1. Mitchell also argued ineffective assistance of counsel relating to the speedy trial issue on appeal of his second 60-1507 motion, which the Court of Appeals rejected. See *Mitchell*, 2014 WL 349584, at *4-6. While Mitchell makes an additional argument here to include ineffectiveness relating to his allocution claim, he ultimately

7

seeks successive consideration of the same issue. This is not an exceptional circumstance. See K.S.A. 2020 Supp. 60-1507(c) ("The sentencing court shall not be required to entertain a second or successive motion for similar relief on behalf of the same prisoner."); *Thuko v. State*, 310 Kan. 74, 84-85, 444 P.3d 927 (2019) (holding movant's failure to establish exceptional circumstances that prevented him from presenting all ineffective assistance of counsel arguments in first 60-1507 motion barred movant from "'piecemeal[ing] an issue of ineffective assistance of counsel to circumvent Supreme Court Rule 183[d]'").

And even if Mitchell was unable to access the prison law library as often as he would have liked, the record on appeal reflects that Mitchell never lacked access to the courts. Mitchell has filed numerous postconviction pleadings in the years since his convictions, raising both the speedy trial and allocution issues. Any suggestion that Mitchell was previously unaware of or unable to argue these issues until now is unpersuasive.

*Conclusion*

Mitchell's motion to correct an illegal sentence was not the appropriate vehicle for claiming a violation of his statutory speedy trial rights or a denial of his right to allocution. But even if we were to construe Mitchell's motion as one filed under K.S.A. 60-1507, we are bound by the law of the case as well as Mitchell's failure to prove the requisite exceptional circumstances that would excuse the filing of his successive motion, or the manifest injustice required to circumvent the one year time limitation on such motions. As a result, we affirm the district court's decision summarily denying Mitchell's motion.

Affirmed.
STANDRIDGE, J., not participating.

8