NOT DESIGNATED FOR PUBLICATION

No. 126,461

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

ALEJANDRO GARCIA-GOMEZ,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; ERIC WILLIAMS, judge. Submitted without oral argument. Opinion filed July 26, 2024. Affirmed.

*Kristen B. Patty*, of Wichita, for appellant, and *Alejandro Garcia-Gomez*, appellant pro se.

*Lance J. Gillett*, assistant district attorney, *Marc Bennett*, district attorney, and *Kris W. Kobach*, attorney general, for appellee.

Before ARNOLD-BURGER, C.J., BRUNS and SCHROEDER, JJ.

PER CURIAM: Alejandro Garcia-Gomez—who pled guilty to one count of aggravated indecent liberties with a child under the age of 14 in 2008—appeals from the district court's summary denial of his most recent K.S.A. 60-1507 motion. In his pro se motion, Garcia-Gomez claimed that his age was not part of the factual basis for his plea and that the use of an unqualified language interpreter resulted in admissions that were not knowingly, freely, and voluntarily given. On appeal, Garcia-Gomez contends that the district court erred in concluding that his current motion should be summarily denied on the grounds that it was untimely filed and successive. Based on our review of the record

1

on appeal, we find no grounds that rise to the level of manifest injustice to extend the statutory time period for filing of the motion nor that rise to the level of exceptional circumstances to justify the successive filing. Thus, we affirm.

FACTS

In February 2007, Garcia-Gomez—who was 22 years old—was charged with one count of rape based on an allegation that he committed an act of sexual intercourse with an 8-year-old child a few weeks earlier. In March 2008, the parties entered into a plea agreement. Under the agreement, Garcia-Gomez pled guilty to an amended charge of one count of aggravated indecent liberties with a child under the age of 14.

At the plea hearing, the district court asked Garcia-Gomez:  "Did you do what the State is alleging in this charge?" He replied:  "Yes, sir." After a colloquy regarding the voluntariness of the plea agreement and the rights that he was giving up, the district court accepted Garcia-Gomez' plea. In finding him guilty, the district court determined that Garcia-Gomez "knowingly and voluntarily waived his right to a trial and has knowingly and voluntarily entered a plea of guilty." Subsequently, the district court denied a motion for durational departure and sentenced him to life in prison with a mandatory minimum sentence of 25 years.

After he was sentenced, Garcia-Gomez filed a direct appeal. *State v. Gomez*, 290 Kan. 858, 235 P.3d 1203 (2010). In his direct appeal, he challenged his sentence on the grounds that it constituted cruel and unusual punishment under the Eighth Amendment to the United States Constitution as well as under section 9 of the Kansas Constitution Bill of Rights. Ultimately, our Supreme Court affirmed Garcia-Gomez' sentence. 290 Kan. at 861, 866-68.

A few months later, Garcia-Gomez filed a motion to correct illegal sentence. In his motion, he claimed the district court did not have a factual basis to find that he was 18 years or older at the time he committed his crime of conviction. The district court summarily denied his motion. In affirming the summary denial, this court held that "the district court had sufficient factual information to accept his guilty plea and impose the sentence as it did." *State v. Gomez*, No. 107,936, 2013 WL 3970182, at *1 (Kan. App. 2013) (unpublished opinion).

In February 2015, Garcia-Gomez filed a pro se K.S.A. 60-1507 motion. In that motion, he asserted claims of ineffective assistance of both trial and appellate counsel. *Garcia-Gomez v. State*, No. 116,018, 2017 WL 3447781, at *1 (Kan. App. 2017) (unpublished opinion). In particular, he claimed that trial counsel had misled him by suggesting that he would receive a reduced sentence if he pled guilty. He also claimed that his admissions to the police were coerced through his interpreter. The district court denied Garcia-Gomez' K.S.A. 60-1507 motion as untimely and found that he had failed to show manifest injustice to justify his failure to meet the statutory deadline. 2017 WL 3447781, at *1.

Subsequently, this court affirmed the district court's decision. In doing so, the panel found that Garcia-Gomez had failed to come forward with new evidence to establish his allegation of actual innocence. In addition, the panel found that there was considerable evidence of his guilt in the record, which prevented him from making a colorable claim of actual innocence. 2017 WL 3447781, at *6. In addressing the adequacy of the interpreter used during his interrogation by the police, the panel found that Garcia-Gomez "'gave a statement of admission to a detective after being provided with an interpreter and a Spanish Miranda form, too.'" 2017 WL 3447781, at *5. Finally, the panel concluded that Garcia-Gomez' claims of ineffective assistance of trial and appellate counsel did not raise substantial issues of law or fact. 2017 WL 3447781, at *6.

3

In June 2020, Garcia-Gomez filed a variety of motions requesting relief from conviction and sentence. These motions included a motion to correct illegal sentence; another K.S.A. 60-1507 motion; a motion for recusal; another motion challenging his sentence as illegal; a motion to appoint counsel; a postsentence motion to withdraw plea; and yet another K.S.A. 60-1507 motion. In October 2020 and January 2021, the district court summarily denied each of these motions. Although Garcia-Gomez appealed, this court summarily affirmed the district court's denial of these motions in an order entered on May 3, 2022.

A few months later, on November 8, 2022, Garcia-Gomez filed a "Petition of Actual Innocence"—which the district court treated as a K.S.A. 60-1507 motion—in which he reasserted two issues that had been raised in his prior K.S.A. 60-1507 motions. First, he again claimed his guilty plea was insufficient to support his conviction because his age had not been established as part of the factual basis offered by the State as a basis for his guilty plea. Second, he again claimed that he was not assisted by a qualified interpreter when he was interviewed by the police following the incident.

Although this motion was untimely, Garcia-Gomez did not attempt to establish manifest injustice other than by making a conclusory claim of actual innocence. Regarding the successive nature of his motion, he asserted that exceptional circumstances existed to justify reconsideration of these claims because he allegedly had only recently learned about the Kansas statutes relating to interpreters. Ultimately, the district court summarily dismissed the motion on the grounds that it was both untimely and successive.

In summarily dismissing the motion, the district court determined:

> "The defendant failed to file his motion [within] the one year timeline and has not made a colorable claim of actual innocence. The defendant raises claims related to the sufficiency of the evidence—specifically that his age was not made part of the factual

4

basis in his plea. In the Court of Appeals August 2, 2014 decision—the court addressed this issue and found that the district court had sufficient evidence related to age to accept the defendant's plea. The defendant entered a guilty plea to aggravated indecent liberties with a child on March 21, 2008. He next raises the qualifications of the [interpreters] throughout the process. There has been no showing that any [interpreters] in this case were not qualified. Further, nothing barred the defendant from filing this motion timely.

"The court determines from [its] own inspection of the motion, files and records of the case finds no grounds that rise to the level of manifest-injustice, that the defendant has [not] set forth a colorable claim of [actual] innocence, and that the time limitations to file this motion [have] been exceeded. No hearing is required and appointment of counsel [is] unnecessary."

Thereafter, Garcia-Gomez filed a timely notice of appeal.

ANALYSIS

On appeal, Garcia-Gomez recognizes that he has several "procedural hurdles to overcome" in order to be entitled to an evidentiary hearing on his most recent K.S.A. 60-1507 motion. He contends that he established manifest injustice to justify filing his motion years after the expiration of the statutory deadline. He also contends that he established exceptional circumstances to justify the presentation of successive claims that were addressed in his prior motions.

Because the district court summarily denied relief on Garcia-Gomez' motion, our review is de novo. As a result, our task is to determine whether the motion, files, and records of the case conclusively establish that Garcia-Gomez is not entitled to relief. See *Beauclair v. State*, 308 Kan. 284, 293, 419 P.3d 1180 (2018). Based on our review of the record on appeal, we find that summary denial of the present motion was appropriate because it was untimely filed, and it presents successive claims that were or could have been addressed on direct appeal or in Garcia-Gomez' numerous prior motions.

5

K.S.A. 60-1507 motions must be brought within one year of the final order giving rise to the complaint. K.S.A. 2023 Supp. 60-1507(f)(1). Here, it is undisputed that Garcia-Gomez failed to file the motion that is the subject of this appeal in a timely manner. As indicated above, Garcia-Gomez was convicted in 2008, his conviction was affirmed in 2010, and the current motion was not filed until November 8, 2022. See *Gomez*, 290 Kan. 858.

It is also undisputed that the statutory deadline can be extended only to prevent manifest injustice. K.S.A. 2023 Supp. 60-1507(f)(2). So, a movant who "'fails to assert manifest injustice is procedurally barred from maintaining the action.' [Citation omitted.]" *State v. Roberts*, 310 Kan. 5, 13, 444 P.3d 982 (2019). The manifest injustice inquiry is "limited to determining why the prisoner failed to file the motion within the one-year time limitation or whether the prisoner makes a colorable claim of actual innocence." K.S.A. 2023 Supp. 60-1507(f)(2)(A).

The Kansas Legislature defines actual innocence to mean that a movant must show that "it is more likely than not that no reasonable juror would have convicted the prisoner in light of new evidence." K.S.A. 2023 Supp. 60-1507(f)(2)(A). In this case, Garcia-Gomez has failed to come forward with new evidence to support his claim of actual innocence. Consequently, he has failed to establish manifest injustice to justify his untimely filing. See K.S.A. 2023 Supp. 60-1507(f)(3).

It is also significant that Garcia-Gomez pled guilty to his crime of conviction. As a matter of law, "[a] plea of guilty is admission of the truth of the charge and every material fact alleged therein." K.S.A. 22-3209(1). Additionally, he represented to the district court at the plea hearing that he had done what the State had charged him of doing. Even on appeal, Garcia-Gomez does not point us to any new evidence to suggest that he did not commit the crime of aggravated indecent liberties with an 8-year-old child. Because Garcia-Gomez has not met his burden of showing that manifest injustice

6

justifies his failure to file his K.S.A. 60-1507 motion in a timely manner, we conclude that summary dismissal was appropriate on the grounds of untimeliness.

Although the untimely filing without a showing of manifest injustice is sufficient in and of itself to warrant the summary dismissal of Garcia-Gomez' K.S.A. 60-1507 motion, we also find that the motion is barred as successive. A review of the record reveals that Garcia-Gomez has sought relief through a direct appeal, by submitting numerous posttrial motions, and by filing multiple appeals over the years. As our Legislature and our Supreme Court have made clear, Kansas courts need not entertain a second or successive motion for similar relief on behalf of the same prisoner absent the showing of exceptional circumstances to justify the filing. See K.S.A. 2023 Supp. 60-1507(c); *State v. Mitchell*, 315 Kan. 156, 160, 505 P.3d 739 (2022); Supreme Court Rule 183(d) (2024 Kan. S. Ct. R. at 241).

In this context, "exceptional circumstances" are unusual events or intervening changes in the law that prevented the movant from reasonably raising the issue on direct appeal or in the first postconviction motion. *Mitchell*, 315 Kan. at 160. In other words, when deciding whether a district court erred in summarily denying a K.S.A. 60-1507 motion on the ground that it is successive, we must determine whether the movant "presented exceptional circumstances to justify reaching the merits of the motion, factoring in whether justice would be served by doing so." *Littlejohn v. State*, 310 Kan. 439, 446, 447 P.3d 375 (2019).

Here, Garcia-Gomez attempts to assert two purported exceptional circumstances to justify his successive filing. First, he claims that he learned about the statutory requirements relating to interpreters only after he filed his previous motions. But even if we assume this to be true for the purposes of this appeal, his unawareness is not an unusual event or intervening change in the law that prevented him from reasonably being able to raise the issue in the first postconviction motion. See *Mitchell*, 315 Kan. at 160.

7

Moreover, those statutes were enacted in 1972 and are not intervening changes in the law. See K.S.A. 75-4351 through K.S.A. 75-4354. In fact, the record reveals that Garcia-Gomez was not only aware of K.S.A. 75-4351 but cited it in his motion to correct illegal sentence filed in June 2020.

Next, Garcia-Gomez argues that an exceptional circumstance "existed in the factual basis for his plea which was predicated on his illegal, unethical and unconstitutional fabricated confession which was acquired by illegal, unethical, and unconstitutional methods due to the failure to provide a third-party certified interpreter, rendering it involuntary." But the record reflects that he expressed his concerns in the K.S.A. 60-1507 motion he filed in February 2015. In affirming the summary dismissal of that motion, this court found that it was untimely filed and that the issues raised should have been known and raised by him prior to the expiration of the statutory deadline. In addition, the court found that he had failed to present substantial issues of law or fact in the 2015 motion. *Garcia-Gomez*, 2017 WL 3447781, at *4-6.

Based on our review of the record on appeal, we find that the claims asserted by Garcia-Gomez in his current motion were or should have been known to him at the time of his direct appeal or by the time he filed his first K.S.A. 60-1507 motion. Specifically, his concerns about the use of the interpreter during the police interrogation was known to him long before he filed the motion that is the subject of this appeal. Accordingly, we do not find exceptional circumstances have been presented to justify the filing of a successive motion.

Finally, we note that in his pro se supplemental brief, Garcia-Gomez raises a new claim related to an allegation that the State introduced known false evidence by allowing his allegedly forced confession to coerce him into accepting a plea agreement and support the factual basis for the plea. Once again, this claim has not been timely raised and it should have been raised on direct appeal or when he filed his initial K.S.A. 60-1507

8

motion. In addition, we find that this newly raised claim was not set forth in the present K.S.A. 60-1507 motion but instead is being asserted for the first time on appeal. Issues not raised before the district court cannot be raised on appeal. See *State v. Green*, 315 Kan. 178, 182, 505 P.3d 377 (2022). As such, we decline to reach the merits of this issue.

We, therefore, conclude that the district court did not err in summarily denying Garcia-Gomez' latest K.S.A. 60-1507 motion.

Affirmed.