NOT DESIGNATED FOR PUBLICATION

No. 126,525

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

JOHN EDWARD PENN,
*Appellant*.

MEMORANDUM OPINION

Appeal from Reno District Court; KEITH SCHROEDER, judge. Opinion filed August 30, 2024. Sentence vacated and case remanded with directions.

Submitted by the parties for summary disposition pursuant to K.S.A. 21-6820(g) and (h).

Before ATCHESON, P.J., HURST and PICKERING, JJ.

PER CURIAM: John Edward Penn filed a motion for summary disposition of a sentencing appeal under Supreme Court Rule 7.041A (2024 Kan. S. Ct. R. at 48), challenging the district court's decision to sentence him to prison instead of a drug treatment program. The State did not file a response. We granted Penn's motion for summary disposition and agree that his sentence is illegal and must be vacated.

In April 2023, Penn pleaded no contest to two severity level 5 drug felonies, in violation of K.S.A. 2021 Supp. 21-5706(a), and one count of criminal threat in violation of K.S.A. 2021 Supp. 21-5415(a)(1), a severity level 9 person felony, for crimes committed in August 2021.

1

The presentence investigation (PSI) report reflected that Penn had a criminal history score of C, which placed him in a border box sentencing range. While the PSI report conveyed Penn had committed his underlying crimes while on felony parole, it also reflected that he was eligible for a mandatory drug treatment program. The PSI report further revealed Penn completed a Substance Abuse Subtle Screening Inventory, which reflected a high probability of substance abuse disorder. A criminal risk-need assessment, however, was not included in the PSI report, and the boxes the investigator used to signify Penn's scores on the "LS/CMI" were not checked. See Kansas Sentencing Guidelines, Desk Reference Manual, p. 80 (2021) ("The Kansas Sentencing Commission has adopted the use of the Level of Service/Case Management Inventory [LS/CMI] for males . . . as the mandatory criminal risk-need assessment[].").

At sentencing, Penn's defense counsel explained he was "senate bill eligible" and asked the district court to consider granting probation and allowing him to complete drug treatment. The district court declined to grant a dispositional departure, sentencing Penn to a controlling sentence of 30 months in prison with a 12-month postrelease supervision term.

*Penn asserts the district court should have imposed probation with drug treatment.*

On appeal, Penn argues his sentence is illegal because the district court needed to grant him probation with drug treatment rather than impose a prison sentence. Although he moved for a dispositional departure, Penn did not specifically make this argument below. Even so, an illegal sentence can be corrected "at any time while the defendant is serving such sentence," even if a claim is raised for the first time on appeal. K.S.A. 22-3504(a); *State v. Kelly*, 298 Kan. 965, 975, 318 P.3d 987 (2014).

Whether a sentence is illegal is a question of law subject to our unlimited review. *State v. Mitchell*, 315 Kan. 156, 158, 505 P.3d 739 (2022).

Penn frames his illegal sentence argument as a conflict between K.S.A. 2021 Supp. 21-6824 and K.S.A. 2021 Supp. 21-6604(f)(1). Under K.S.A. 2021 Supp. 21-6824(a)(1), offenders convicted of certain felony drug offenses are eligible for a nonprison sanction of certified drug abuse treatment program if they meet the requirements outlined in the statute. Under K.S.A. 2021 Supp. 21-6604(f)(1), the district court can sentence an offender to imprisonment for a new conviction committed while already on parole for a felony.

According to Penn, the Kansas Supreme Court previously addressed the interplay between these sentencing provisions in *State v. Andelt*, 289 Kan. 763, 774, 217 P.3d 976 (2009), holding that K.S.A. 21-4729, the prior version of K.S.A. 21-6824, was mandatory. Thus, he contends his sentence is illegal because the district court imposed a prison sentence rather than the statutorily mandated drug treatment. The problem for Penn is that the record does not establish that he met all the statutory requirements for mandatory drug treatment.

Meeting the first criteria of the mandatory drug treatment statute depends on the offender's sentencing-grid classification—a combination of the severity level of the crime of conviction and the person's criminal history score—and having no prior felony convictions for certain offenses. K.S.A. 2021 Supp. 21-6824(a). Penn was convicted of possession of methamphetamine and cocaine, both under K.S.A. 2021 Supp. 21-5706(a), which placed him in drug grid box 5-C, and he had no disqualifying prior convictions. Penn is therefore correct that he met the first criteria.

Once an offender meets the requirements of subsection (a), the statute automatically triggers a requirement that the offender undergo a "drug abuse assessment" and a "criminal risk-need assessment" to determine further eligibility. K.S.A. 2021 Supp. 21-6824(b). The statute provides that if an offender is assigned a risk status on both assessments "that meets the criteria for participation in a drug abuse treatment program as

3

determined by the Kansas sentencing commission, the sentencing court shall commit the offender to treatment in a drug abuse treatment program until the court determines the offender is suitable for discharge by the court." K.S.A. 2021 Supp. 21-6824(c). In other words, the drug treatment program is mandatory only if both assessments qualify the person for the program. See *Andelt*, 289 Kan. at 773-74; *State v. Swazey*, 51 Kan. App. 2d 999, 1002, 357 P.3d 893 (2015) (once offender receives requisite findings under both assessments, sentencing court is required to commit offender to treatment in drug abuse treatment program).

This case is like *State v. Brown*, No. 123,937, 2022 WL 2392634 (Kan. App. 2022) (unpublished opinion). There, the district court ordered a PSI report and noted Brown would need to undergo further assessments to determine his eligibility for the mandatory drug treatment program. Brown, however, missed appointments to complete the criminal risk-need assessment and failed to reschedule them, and the record was silent as to whether he underwent the drug abuse assessment. At sentencing, Brown asserted he called and left messages to complete the assessments, but nobody answered his calls. The *Brown* panel found the district court erred in imposing a prison sentence without the assessment results because "[t]he lack of assessment results does not establish ineligibility; it merely prevents the court from determining eligibility. See *Swazey*, 51 Kan. App. 2d at 1005-06." *Brown*, 2022 WL 2392634, at *3.

Here, the PSI report reflects that Penn had a high score on his drug abuse assessment. The PSI report is unclear, however, as to whether Penn completed the criminal risk-need assessment because the report does not include an assessment. While the "Scored high or very high on LS/CMI" box on the confidential portion of the PSI report is not checked, neither is the box used to reflect a "Very Low, Low, or Medium LS/CMI score" on the public facing portion of the PSI report. These omissions suggest the criminal risk-need assessment was never completed, making it impossible for us— and by extension, the district court—to know if Penn qualified for treatment under K.S.A.

4

2021 Supp. 21-6824. Thus, as in *Brown*, the district court here sentenced Penn without having properly determined his eligibility for mandatory drug treatment.

Because the record does not contain the necessary information to make the requisite findings, we must vacate Penn's sentence and remand with directions for the district court to order Penn to undergo the criminal risk-need assessment. The district court can then determine Penn's eligibility for the mandatory drug treatment program and resentence him accordingly.

Sentence vacated and case remanded with directions.