NOT DESIGNATED FOR PUBLICATION

No. 128,246

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

SHARRONE DONTREZ STEELE-PONDS,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; TYLER ROUSH, judge. Opinion filed July 18, 2025. Affirmed.

Submitted by the parties for summary disposition under K.S.A. 21-6820(g) and (h).

Before WARNER, C.J., BRUNS and BOLTON FLEMING, JJ.

PER CURIAM: Sharrone Dontrez Steele-Ponds appeals the district court's use of his prior conviction for aggravated robbery to increase his criminal history score from D to B. This court granted Steele-Ponds' request for summary disposition of his appeal under Kansas Supreme Court Rule 7.041A (2025 Kan. S. Ct. R. at 48). Finding no error, we affirm.

In January 2024, Steele-Ponds pled guilty to distribution of a controlled substance, a severity level 3 felony, and two counts of criminal possession of a weapon by a convicted felon, severity level 8 felonies. Steele-Ponds' amended presentence investigation (PSI) report indicated he had a criminal history score of B due to his prior criminal convictions, including a 2017 conviction for aggravated robbery.

1

At Steel-Ponds' sentencing hearing, his attorney informed the district court that she had reviewed his amended PSI report and did not object to his criminal history score of B. Steele-Ponds also confirmed to the district court that his prior convictions were correct in the amended PSI report. The district court heard the parties' recommendations for sentencing and Steele-Ponds' motion for a dispositional departure.

For reasons irrelevant to this appeal, the district court denied Steel-Ponds' request for a departure and ordered the aggravated sentences from the sentencing grid box for each crime. The district court established Count 1, distribution of a controlled substance, as the primary count used to establish the base sentence. Applying a criminal history score of B for Count 1, the district court sentenced Steele-Ponds to 77 months in the Kansas Department of Corrections. For each of the two remaining counts (criminal possession of a weapon by a convicted felon), the district court applied a criminal history score of I and sentenced Steele-Ponds to 9 months on each count in the Kansas Department of Corrections. The district court then ordered each sentence to be served consecutively for a total 95-month underlying sentence in the case. The district court also ordered 25 days of jail credit.

On appeal, Steele-Ponds contends the district court illegally sentenced him based on an improper criminal history score. Whether a sentence is illegal is a question of law over which appellate courts have unlimited review. *State v. Mitchell*, 315 Kan. 156, 158, 505 P.3d 739 (2022). An illegal sentence may be corrected at any time. See K.S.A. 22-3504(a).

Steele-Ponds maintains this court should vacate his sentence and remand with directions for him to be resentenced based on the correct criminal history score. Because Steele-Ponds did not object to his criminal history score at his sentencing, he bears the burden of establishing prejudicial error. See K.S.A. 21-6814(d).

2

When determining a defendant's criminal history score, all prior convictions must be counted unless the convictions constitute an element of the present crime, enhance the severity level, or elevate the classification from a misdemeanor to a felony. K.S.A. 21-6810(d)(10). Under this statute, Steele-Ponds argues that his prior aggravated robbery conviction constitutes an element of two present crimes: his convictions for criminal possession of a weapon by a convicted felon. Steele-Ponds concludes that by using his prior conviction for aggravated robbery to increase his criminal history score from D to B, the district court's sentence did not comply with the provisions of K.S.A. 21-6810(d)(10).

Steele-Ponds' argument fails because this is a multiple-conviction case. In multiple-conviction cases, the phrase "present crime of conviction" in K.S.A. 21-6810(d)(10) refers to the primary crime of conviction that establishes the base sentence. *State v. Fowler*, 311 Kan. 136, 150-52, 457 P.3d 927 (2020). Here, Steele-Ponds does not dispute that his primary crime of conviction was distribution of a controlled substance under K.S.A. 21-5705(a)(1), (d)(4)(B). The district court correctly applied a criminal history score of B to Steele-Ponds' primary crime of conviction, and a criminal history score of I to his remaining convictions. See K.S.A. 2024 Supp. 21-6819; *Fowler*, 311 Kan. at 143 (criminal history score of I used to determine nonbase sentences). Steele-Ponds' sentences for criminal possession of a weapon by a convicted felon were therefore unaffected by his 2017 aggravated robbery conviction, and Steele-Ponds makes no argument that the aggravated robbery conviction was an element of his distribution conviction. Thus, Steele-Ponds has not met his burden to demonstrate how the district court's sentence failed to comply with the statutory requirements of K.S.A. 21-6810(d)(10).

Affirmed.

3