NOT DESIGNATED FOR PUBLICATION

No. 128,063

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

ARTHUR HERRON,
*Appellant*,

v.

STATE OF KANSAS,
*Appellee*.

MEMORANDUM OPINION

Appeal from Wyandotte District Court; JENNIFER MYERS, judge. Submitted without oral argument. Opinion filed September 12, 2025. Affirmed.

*Joseph A. Desch*, of Law Office of Joseph A. Desch, of Topeka, for appellant.

*Kirstyn D. Malloy*, assistant district attorney, *Mark A. Dupree Sr.*, district attorney, and *Kris W. Kobach*, attorney general, for appellee.

Before CLINE, P.J., MALONE and PICKERING, JJ.

PER CURIAM: Arthur Herron appeals the district court's summary denial of his third K.S.A. 60-1507 motion, wherein he claimed actual innocence based on newly discovered evidence of alleged misconduct by the Kansas City, Kansas, Police Department (KCKPD). The district court denied the motion as untimely and successive. After review, we find the district court did not err in summarily denying Herron's K.S.A. 60-1507 motion, and we affirm.

FACTUAL AND PROCEDURAL BACKGROUND

The facts of Herron's underlying conviction are fully set out in *State v. Herron*, 286 Kan. 959, 960-65, 189 P.3d 1173 (2008). In sum, on September 20, 2004, John Jackson heard gun shots at his home in Kansas City, Kansas, and saw a white van containing five or six people speed away. John's wife, Deborah, was killed in the shooting. During the shooting investigation, Herron admitted he was in the white van with four other individuals. Herron knew of a shootout earlier on the day in question between the Jacksons' son and Herron's friend. Herron said another friend stole the van, and the group only meant to shoot at the Jacksons' house; they did not intend to kill anyone. Herron claimed he was unarmed and did not partake in the shooting; he ducked his head and laid on the floor of the van until it drove away.

A jury convicted Herron of first-degree felony murder and conspiracy to commit criminal discharge of a firearm but acquitted Herron of criminal discharge of a firearm. He was sentenced to life in prison. The Supreme Court affirmed Herron's convictions. 286 Kan. at 970.

Herron filed his first K.S.A. 60-1507 motion in September 2009, raising several trial errors and ineffective assistance of counsel claims. The district court summarily denied the motion. Nearly seven years later, Herron filed his second K.S.A. 60-1507 motion, again raising trial errors and ineffective assistance of counsel. The district court dismissed the motion as untimely and successive.

In January 2024, Herron filed his current K.S.A. 60-1507 motion. He alleged that Detective Roger Golubski investigated and collected evidence in his case and the State violated *Brady v. Maryland*, 373 U.S. 83, 83 S. Ct. 1194, 10 L. Ed. 2d 215 (1963), by failing to disclose information about Golubski's history of misconduct. Herron pointed to information made discoverable by *McIntyre v. Unified Government of Wyandotte County*

*and Kansas City, Kansas*, No. 18-2545-KHV, 2020 WL 1028303 (D. Kan. 2020) (unpublished opinion), claiming Golubski had a known history of misconduct in criminal investigations since the 1980s and the State had a duty to disclose such information to him. Herron asserted police officers testified at his trial about evidence Golubski had collected and he could have used Golubski's misconduct to impeach the officers' testimony.

The district court found Herron's K.S.A. 60-1507 motion untimely and successive. The court concluded Herron's actual innocence claim was not reasonable and he failed to show manifest injustice to extend the time limitation for his K.S.A. 60-1507 motion. The court also found Herron did not explain when he learned of Golubski's alleged misconduct, how that evidence was newly discovered, or why he could not raise the issue in his prior K.S.A. 60-1507 motions.

The district court also addressed the merits. The district court noted Herron's failure to cite any evidence Golubski collected in his case or provide any indication that Golubski was working during the relevant period. The court concluded that, even if Golubski was involved in the case, there was overwhelming evidence against Herron and Herron's defense theory was not misidentification or false evidence. The district court summarily denied Herron's K.S.A. 60-1507 motion, which he now appeals.

ANALYSIS

*Standard of Review*

When the district court summarily denies a K.S.A. 60-1507 motion, the appellate court exercises unlimited review to determine whether the motion, files, and records conclusively show that the movant is not entitled to relief. *State v. Vasquez*, 315 Kan. 729, 731, 510 P.3d 704 (2022).

*Discussion*

To obtain relief, a K.S.A. 60-1507 movant must show by a preponderance of the evidence either: (1) "the judgment was rendered without jurisdiction"; (2) "the sentence imposed was not authorized by law or is otherwise open to collateral attack"; or (3) "there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack." See K.S.A. 2024 Supp. 60-1507(b) (grounds for relief); Supreme Court Rule 183(g) (2025 Kan. S. Ct. R. at 238) (preponderance of evidence burden).

When considering a K.S.A. 60-1507 motion, the district court has three options: (1) The court may summarily deny the motion if "'the motion, files, and case records conclusively show the prisoner is entitled to no relief'"; (2) the court may hold a preliminary hearing if a "'potentially substantial issue exists'"; or (3) the court may hold an evidentiary hearing if "'a substantial issue is presented.'" *State v. Adams*, 311 Kan. 569, 577-78, 465 P.3d 176 (2020). The burden to show entitlement to an evidentiary hearing lies with the movant, who must make contentions with an evidentiary basis, or the basis must be evident in the record. *Thuko v. State*, 310 Kan. 74, 80, 444 P.3d 927 (2019).

A.   *Manifest Injustice to Overcome Untimeliness*

A person must file a K.S.A. 60-1507 motion within one year of either (1) the final appellate mandate on the movant's direct appeal; (2) the denial of a petition for writ of certiorari to the United States Supreme Court or the final order of the Court if the petition is granted, or (3) the district court's decision or the final appellate mandate on a prior K.S.A. 60-1507 motion, whichever is later. K.S.A. 2024 Supp. 60-1507(f)(1).

This time limitation will be extended "only to prevent a manifest injustice." K.S.A. 2024 Supp. 60-1507(f)(2). When determining manifest injustice, the district court is "limited to determining why the prisoner failed to file the motion within the one-year time limitation or whether the prisoner makes a colorable claim of actual innocence." K.S.A. 2024 Supp. 60-1507(f)(2)(A). To establish an actual innocence claim, the movant must "show it is more likely than not that no reasonable juror would have convicted the prisoner in light of new evidence." K.S.A. 2024 Supp. 60-1507(f)(2)(A). If the district court finds the K.S.A. 60-1507 motion is untimely and dismissal would not cause manifest injustice, the court "must dismiss the motion as untimely filed." K.S.A. 2024 Supp. 60-1507(f)(3).

Herron asserts the district court failed to accept the allegations in his K.S.A. 60-1507 motion as true and, thus, erred in summarily denying the motion. Herron argues that he made the requisite actual innocence showing and passes the procedural bars to his current K.S.A. 60-1507 motion. He insists that his claim of newly discovered evidence of widespread corruption in the KCKPD, and Golubski in particular, raised a "substantial *Brady* issue" regarding whether the State failed to disclose evidence of Golubski's misconduct in discovery.

The State responds that Herron presented conclusory allegations without citing any specific evidence to suggest Golubski was involved in the case. The State also argues the nature of Golubski's alleged misconduct does not support Herron's actual innocence claim because Herron was convicted, in large part, based on his own statements to detectives.

In recent years, multiple panels of this court have confronted actual innocence claims based on alleged misconduct by Golubski or the KCKPD. In *Adams v. State*, No. 127,220, 2025 WL 415370, at *4-5 (Kan. App. 2025) (unpublished opinion), the panel found Adams failed to show either manifest injustice or exceptional circumstances to

5

excuse his untimely and successive K.S.A. 60-1507 motion because Golubski did not testify at trial and Adams did not allege that Golubski prevented the alibi witnesses from testifying. Similarly, in *Coppage v. State*, No. 126,354, 2024 WL 3310096, at *4-5 (Kan. App. 2024) (unpublished opinion), *rev. denied* 320 Kan. 861 (2025), the panel affirmed the district court's summary denial of the K.S.A. 60-1507 motion, finding Coppage only presented a general allegation with no evidence connecting the officers in his case to any KCKPD corruption or to the *McIntyre* case.

In contrast, another panel of this court reversed a summary dismissal where the K.S.A. 60-1507 movant provided factual support for his actual innocence claim based in part on new evidence of Golubski's alleged misconduct. In *McKinney v. State*, No. 122,359, 2020 WL 5849386, at *5 (Kan. App. 2020) (unpublished opinion), the panel remanded for a K.S.A. 60-1507 evidentiary hearing where the movant was previously unaware Golubski was related to the victim and two witnesses, a witness claimed multiple KCKPD detectives pressured him to give false testimony, and an officer testified at trial that Golubski interviewed witnesses.

> *The record does not support Herron's assertion that Golubski assisted in the police investigation of this case.*

In his K.S.A. 60-1507 motion, Herron provided no explanation of what new evidence led him to believe Golubski participated in the investigation. He also did not explain what evidence the State allegedly had and failed to disclose regarding Golubski's misconduct. Additionally, Golubski did not testify at Herron's trial. While several law enforcement officers testified at trial, none testified about working with Golubski during the shooting investigation, nor did they claim Golubski collected any evidence.

At trial, KCKPD Officer Kim Crockett testified that she was dispatched to the Jacksons' home after the shooting for evidence collection as part of the crime scene

6

investigation (CSI) unit. She and Officer Claude Harper were the two officers on duty for the CSI unit that night. Officer Alan Jaskinia, who was on call for the CSI unit at the time, investigated the scene where the white van was spotted after the shooting. Jaskinia testified that another CSI unit officer also investigated that scene.

Detective Greg Lawson testified that he conducted an initial investigation at the Jacksons' home with Detective Michael York. Lawson stated KCKPD Captain John Cosgrove was at the scene along with "numerous uniformed officers," though he never indicated Golubski was present. When Lawson took an unrecorded statement from Herron, Lawson's supervisor was the only other person present. And later, when Lawson took Herron's recorded statement, York was the only other person present. Golubski's name does not appear in any of the trial transcripts. The third amended complaint listed 34 law enforcement witnesses; Golubski was not one of them.

Herron was convicted primarily based on his own statements to police. Lawson testified that Herron told him he had heard about prior shootings—including a shooting at Herron's mother's house—allegedly involving Eric, the Jacksons' son. Herron was in the white van during the shooting that killed Deborah, and there was discussion among Herron's group of finding and confronting Eric. Herron also told Lawson the group "never intended to go over there and kill anybody. They just went over there to shoot up the house." Given Herron's conclusory allegations about Golubski's involvement in his case and the strength of the evidence against him at trial, he fails to establish a colorable claim of actual innocence to overcome the untimeliness of his K.S.A. 60-1507 motion.

B.      *Exceptional Circumstances to Overcome Successiveness*

"[D]istrict courts need not consider more than one habeas motion seeking similar relief filed by the same prisoner." *State v. Mitchell*, 315 Kan. 156, 160, 505 P.3d 739 (2022); see K.S.A. 2024 Supp. 60-1507(c); Rule 183(d). A movant "must show

exceptional circumstances to justify the filing of a successive motion." *Mitchell*, 315 Kan. at 160. Exceptional circumstances are "'unusual events or intervening changes in the law'" preventing the movant from "'reasonably being able to raise'" the issue in a prior postconviction motion. 315 Kan. at 160. Exceptional circumstances can include "a colorable claim of actual innocence based on a crime victim's recantation of the testimony" forming the basis of a charge. *Beauclair v. State*, 308 Kan. 284, 304, 419 P.3d 1180 (2018).

Herron likewise centers his attempt to overcome successiveness on his actual innocence claim. He also relies on the same allegations in attacking the district court's summary denial on the merits. Our analysis in the preceding section equally applies here.

Further, Herron maintains that the district court was required to accept the allegations in his K.S.A. 60-1507 motion as true. But the *Beauclair* court found that argument "untenable," explaining that under such a standard, any "late K.S.A. 60-1507 motion could allege actual innocence on the movant's word alone as a gateway to consideration of the motion's merits." *Beauclair*, 308 Kan. at 302. Instead, K.S.A. 60-1507 movants must make more than conclusory allegations and must provide an evidentiary basis for those allegations, or the evidentiary basis must be in the record. 308 Kan. at 302.

Herron's K.S.A. 60-1507 motion contained conclusory allegations that Golubski collected evidence in his case and that officers testified to such evidence at trial. The trial record does not support those allegations. Nor does Herron offer any further factual support. As with Herron's untimeliness, he similarly fails to show exceptional circumstances through actual innocence to overcome successiveness. Thus, the district court did not err in denying Herron's K.S.A. 60-1507 motion as untimely and successive.

Affirmed.