NOT DESIGNATED FOR PUBLICATION

Nos. 127,733
127,734

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

PIDY TIGER,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; JEFFREY SYRIOS, judge. Submitted without oral argument. Opinion filed December 19, 2025. Affirmed.

*Wendie C. Miller*, of Kechi, for appellant.

*Robin L. Sommer*, assistant district attorney, *Marc Bennett*, district attorney, and *Kris W. Kobach*, attorney general, for appellee.

Before WARNER, C.J., ARNOLD-BURGER and PICKERING, JJ.

PER CURIAM: We affirm the district court's denial of Pidy Tiger's 8th, 9th, and 10th K.S.A. 60-1507 motions, his motion to reconsider one of those motions, and his motions to recuse the judge that heard those motions under Kansas Supreme Court Rule 7.042 (2025 Kan. S. Ct. R. at 49).

1

Pidy Tiger was convicted in 2012 of rape and aggravated indecent liberties with a child. The district court sentenced him to two concurrent hard 25 life terms. This court affirmed Tiger's convictions and sentences on appeal. See generally *State v. Tiger*, No. 110,278, 2015 WL 1513955 (Kan. App. 2015) (unpublished opinion). Following the denial of his direct appeal, Tiger has filed multiple appeals based on K.S.A. 60-1507 motions and other collateral challenges related to his convictions, all of which have been denied. See *State v. Tiger*, No. 124,532, 2022 WL 4115573, at *1 (Kan. App. 2022) (unpublished opinion) (affirming summary dismissal of K.S.A. 60-1507 motion as successive, untimely, and without merit); *State v. Tiger*, No. 124,184, 2022 WL 3018065, at *2 (Kan. App. 2022) (unpublished opinion) (affirming dismissal of K.S.A. 60-1507 motion for lack of jurisdiction); *State v. Tiger*, No. 122,692, 2021 WL 1045178, at *1-2 (Kan. App. 2021) (unpublished opinion) (affirming summary dismissal of K.S.A. 60-1507 motion as untimely); *Tiger v. State*, No. 117,448, 2018 WL 4376775, at *1 (Kan. App. 2018) (unpublished opinion) (affirming summary dismissal of K.S.A. 60-1507 as without merit); *State v. Tiger*, No. 116,852, 2018 WL 671374, at *1 (Kan. App. 2018) (unpublished opinion) (affirming denial of motion for new trial).

The present case involves three K.S.A. 60-1507 motions (numbers 8, 9, and 10), a motion to reconsider, and several motions for the district judge to recuse. They were all filed at different times, and several were appealed at different times, but all are part of this appeal. Because we find that the district court did not err in denying these motions, we affirm.

ANALYSIS

The law is well settled that a district court need not consider more than one K.S.A. 60-1507 motion seeking similar relief. K.S.A. 60-1507(c); *State v. Mitchell*, 315 Kan.

156, 160, 505 P.3d 739 (2022). This court presumes a movant listed all grounds for relief in their initial K.S.A. 60-1507 motion and thus, they must demonstrate that exceptional circumstances justify filing a successive motion. 315 Kan. at 160. Exceptional circumstances are unusual events or intervening changes in the law that would have prevented a defendant from raising the issue in a prior K.S.A. 60-1507 motion. *Beauclair v. State*, 308 Kan. 284, 304, 419 P.3d 1180 (2018). And although exceptional circumstances can include ineffective assistance of counsel claims, Tiger continues to make the same claims regarding ineffectiveness that he has raised in prior motions. See *Rowland v. State*, 289 Kan. 1076, 1087, 219 P.3d 1212 (2009). Repeating the same claim that has been rejected in the past is not an exceptional circumstance warranting consideration of a successive motion. Tiger's claim fails for the reasons enumerated by the district judge.

A motion for reconsideration serves to invite the court to reexamine the correctness of its prior ruling, exercising its inherent power to vacate or modify judgments. When reviewing the district court's ruling, this court applies an abuse of discretion standard. *State v. Campbell*, 317 Kan. 511, 529, 532 P.3d 425 (2023). If the K.S.A. 60-1507 motions were properly denied, which we find they were based on our review of the record, there can be no abuse of discretion in denying the attendant motion to reconsider.

And finally, we review de novo whether a district judge's recusal is required. *State v. Moyer*, 306 Kan. 342, 369-70, 410 P.3d 71 (2017). The sole basis for Tiger's recusal motions center on the court's adverse rulings and a failure to appoint appellate counsel in a timely manner. Tiger had appointed counsel at all critical stages of this proceeding and a disagreement with past rulings cannot serve as the basis for recusal. K.S.A. 20-311d(d); *State v. Sawyer*, 297 Kan. 902, 908, 305 P.3d 608 (2013).

In sum, we have carefully reviewed the entire record and conclude the district court, yet again, has adequately addressed all of Tiger's challenges and reached the correct conclusion. We, therefore, affirm the district court. See Kansas Supreme Court Rule 7.042 (2025 Kan. S. Ct. R. at 49) ("A case may be affirmed by summary opinion if the court determines after argument or submission on the briefs that no reversible error of law appears and . . . the appeal is frivolous.").

Affirmed.