NOT DESIGNATED FOR PUBLICATION

No. 128,097

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

DANIEL L. CALHOUN,
*Appellant*,

v.

STATE OF KANSAS,
*Appellee*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; TYLER ROUSH, judge. Submitted without oral argument. Opinion filed February 6, 2026. Affirmed.

*Gerard C. Scott*, of Wichita, for appellant.

*Robin L. Sommer*, assistant district attorney, *Marc Bennett*, district attorney, and *Kris W. Kobach*, attorney general, for appellee.

Before SCHROEDER, P.J., MALONE and GARDNER, JJ.

PER CURIAM:  Daniel L. Calhoun appeals the district court's summary denial of his second K.S.A. 60-1507 motion as successive. Calhoun claims the district court erred in finding that his claims were successive and in finding that he failed to show exceptional circumstances to allow the successive motion. After thoroughly reviewing the record, we affirm the district court's judgment.

In 2010, Calhoun was convicted by a jury of two counts of aggravated robbery, two counts of aggravated battery, and one count each of aggravated criminal sodomy,

1

attempted voluntary manslaughter, aggravated burglary, aggravated kidnapping, and criminal threat. The district court sentenced Calhoun to a controlling term of 330 months' imprisonment with lifetime postrelease supervision. This court affirmed the convictions on direct appeal in *State v. Calhoun*, No. 107,116, 2013 WL 2991066 (Kan. App. 2013) (unpublished opinion) (*Calhoun I*). This court summarized the facts:

> "In the early morning hours of May 16, 2009, Calhoun and three other men committed a home invasion in Wichita, Kansas, ostensibly to rob its occupants of money and drugs. However, once they gained admittance, horrific acts were committed to intimidate and degrade S.E.C., her common-law husband, Donald, and their three small children. Calhoun does not dispute that the evidence presented at trial was sufficient to establish all of the crimes of conviction were committed by one or more of the four participants. His complaint is, in part, that he did not personally commit some of the crimes for which he was convicted and in fact distanced himself from the atrocities that were perpetrated. In short, Calhoun admits the home invasion but argues its purpose was to commit a robbery of money and drugs and he was not a participant in the reign of terror that resulted after the four men gained entry to the residence." 2013 WL 2991066, at *1.

In the direct appeal, Calhoun challenged the sufficiency of the evidence to support his convictions as an accomplice, and a key issue was whether most of his convictions were a reasonably foreseeable consequence of the intended crime of robbery. This court found sufficient evidence to support the convictions and held: "Thus, foreseeability can be established as a matter of law, as the additional acts of violence in this case, *i.e.*, aggravated robbery, aggravated criminal sodomy, aggravated battery, criminal threat, aggravated kidnapping, and attempted voluntary manslaughter, are considered a foreseeable consequence of the inherently dangerous felony Calhoun intended to commit." 2013 WL 2991066, at *3.

In 2015, Calhoun filed a K.S.A. 60-1507 motion, with many claims including one that he received ineffective assistance of trial counsel for failing to challenge a

foreseeability instruction on accomplice liability. The district court denied the motion after a preliminary hearing. But on appeal, this court found that the foreseeability instruction was appropriate only for general intent crimes because it lowered the State's burden of proof to secure a conviction for specific intent crimes. *Calhoun v. State*, 56 Kan. App. 2d 185, 197-200, 426 P.3d 519 (2018) (*Calhoun II*). Thus, this court found ineffective assistance of counsel and prejudice, reversed Calhoun's convictions for the specific intent crimes of aggravated kidnapping, attempted voluntary manslaughter, and criminal threat and remanded for a new trial on those counts. 56 Kan. App. 2d at 210.

The State dismissed the remanded counts and the district court resentenced Calhoun to a controlling sentence of 303 months' imprisonment with lifetime postrelease supervision. Calhoun appealed and in an order on a motion for summary disposition of the sentencing appeal, this court affirmed in part and dismissed in part for lack of jurisdiction. See Supreme Court Rule 7.041A (2025 Kan. S. Ct. R. at 48). The mandate was issued on December 15, 2020.

On September 10, 2021, Calhoun filed a second K.S.A. 60-1507 motion. The motion contained a battery of claims of trial error but also included a claim that "[t]he Movant is actually innocent of aggravated criminal sodomy and received ineffective assistance of trial counsel, direct appeal counsel, *post conviction counsel, and appellate counsel*, who all refused and failed to argue that aggravated criminal sodomy was '<u>not</u>' a 'reasonable for[e]seeable consequence' of aggravated robbery/aggravated burglary." (Emphasis added.) On November 18, 2021, the district court summarily denied Calhoun's motion, finding it was successive because each claim was raised or could have been raised sooner and because Calhoun failed to show exceptional circumstances for why he failed to do so. More specifically, the district court found:

> "Movant fails to make a showing of any valid exceptional circumstances that
> warrant him relief. Movant argues his second motion pursuant to K.S.A. 60-1507 should

3

be granted because he is innocent of aggravated criminal sodomy, however, he fails to support this claim with any new facts or evidence. Movant made the same claim of innocence in his first motion pursuant to K.S.A. 60-1507 in 2015. (See Issue V in Movant's first motion pursuant to K.S.A. 60-1507). When addressing this claim, the Kansas Court of Appeals found that though Movant claimed exceptional circumstances existed, he failed to explain what those exceptional circumstances were or why such arguments were allowed past the K.S.A. 60-1507 restrictions. The same is true here; a claim of actual innocence without any supporting facts or details does not establish a valid exceptional circumstance to require the court to entertain Movant's successive motion."

Calhoun timely appealed the district court's judgment and the court appointed counsel to represent Calhoun in the appeal. In September 2024, this court granted Calhoun's motion to docket his appeal out of time.

Calhoun's brief argues that the district court erred in finding that his claims were successive and in finding that he failed to show exceptional circumstances to allow the successive motion. In one sentence of his brief, Calhoun asserts that "[w]here the Movant received statutorily ineffective assistance from his first 1507 counsel, he is entitled to bring a second motion to litigate claims that should have been part of the first motion." The State responds that the district court did not err in ruling Calhoun's motion was successive and in finding that he failed to show exceptional circumstances.

When the district court summarily dismisses a K.S.A. 60-1507 motion, an appellate court conducts a de novo review to determine whether the motion, files, and records of the case conclusively show that the movant is entitled to no relief. *State v. James*, 319 Kan. 178, 184, 553 P.3d 308 (2024). Under K.S.A. 2024 Supp. 60-1507(c), a district court need not consider more than one habeas motion seeking similar relief by the same prisoner. *State v. Mitchell*, 315 Kan. 156, 160, 505 P.3d 739 (2022); see Supreme Court Rule 183(d) (2025 Kan. S. Ct. R. at 237). A movant is presumed to have listed all

4

grounds for relief in an initial K.S.A. 60-1507 motion and, thus, "must show exceptional circumstances to justify the filing of a successive motion." *Mitchell*, 315 Kan. at 160. Exceptional circumstances are unusual events or intervening changes in the law that prevented the movant from reasonably being able to raise the issue in the first postconviction motion. 315 Kan. at 160.

After thoroughly reviewing the record, we find that the district court committed no reversible error and the district court's written order adequately explains its decision. For the most part, each claim Calhoun raised in his second K.S.A. 60-1507 motion was raised or could have been raised sooner and Calhoun failed to show exceptional circumstances for why he failed to do so. We take only one exception to the district court's order. Calhoun's conclusory claim that his counsel in his first K.S.A. 60-1507 motion was ineffective for failing to argue that aggravated criminal sodomy was not a reasonably foreseeable consequence of the crime of aggravated robbery or aggravated burglary was not successive because Calhoun had not raised this claim before and could not have raised it sooner. But Calhoun cannot show prejudice because the substance of this argument was thoroughly addressed and rejected in Calhoun's direct appeal, with this court finding that Calhoun's aggravated criminal sodomy conviction was a reasonably foreseeable consequence of the intended crime of robbery. *Calhoun I*, 2013 WL 2991066, at *3. We thus conclude that the motion, files, and records of the case conclusively show that Calhoun is entitled to no relief, and the district court did not err in summarily denying Calhoun's second K.S.A. 60-1507 motion as successive.

Affirmed under Supreme Court Rule 7.042(b)(5) (2025 Kan. S. Ct. R. at 49).