NOT DESIGNATED FOR PUBLICATION

No. 127,003

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

ANDREW GREENE,
*Appellant*,

v.

STATE OF KANSAS,
*Appellee.*

MEMORANDUM OPINION

Appeal from Johnson District Court; NEIL B. FOTH, judge. Submitted without oral argument. Opinion filed November 22, 2024. Affirmed.

*Richard P. Klein*, of Lenexa, for appellant.

*Shawn E. Minihan*, assistant district attorney, *Stephen M. Howe*, district attorney, and *Kris W. Kobach*, attorney general, for appellee.

Before SCHROEDER, P.J., MALONE and BRUNS, JJ.

PER CURIAM: Andrew Greene timely appeals the district court's summary dismissal of his third K.S.A. 60-1507 motion as successive and untimely. Greene asserts the district court should have held an evidentiary hearing on his claim of actual innocence. After a thorough review of the record, we find no error in the district court's decision and affirm.

FACTUAL AND PROCEDURAL BACKGROUND

The full factual background of the underlying criminal case was set forth by our Supreme Court in Greene's direct appeal and need not be repeated in detail here. *State v. Greene*, 299 Kan. 1087, 1088-1091, 329 P.3d 450 (2014). Relevant to this appeal, in January 2011, a jury convicted Greene of rape, in violation of K.S.A. 21-3502(a)(1)(C) (Torrence 2007), for acts committed in March 2009. The district court determined Greene was an aggravated habitual sex offender and sentenced him to life imprisonment without the possibility of parole. Greene directly appealed to our Supreme Court, arguing, among other things, the district court should have sentenced him as a persistent sex offender under K.S.A. 21-4704(j) (Torrence 2007) (now K.S.A. 21-6804[j][1]) rather than an aggravated habitual sex offender under K.S.A. 21-4642 (Torrence 2007) (now K.S.A. 21-6626). While our Supreme Court affirmed Greene's conviction, it vacated Greene's sentence and remanded the case to resentence Greene as a persistent sex offender. *Greene*, 299 Kan. at 1087-88.

On remand, the district court resentenced Greene as a persistent sex offender to 1,236 months' imprisonment. Greene appealed to another panel of our court, claiming, in part, the district court erred in failing to apply *State v. Murdock*, 299 Kan. 312, 313, 323 P.3d 846 (2014), *overruled by State v. Keel*, 302 Kan. 560, 357 P.3d 251 (2015), to classify his pre-1993 convictions for criminal history purposes. Specifically, Greene asserted "the district court erred in scoring his three pre-1993 convictions—a 1975 Kansas rape conviction, a 1975 Kansas conviction of aggravated indecent liberties with a child, and a 1987 Kansas conviction of attempted aggravated kidnapping—as person felonies." *State v. Greene*, No. 114,825, 2016 WL 4582546, at *2 (Kan. App. 2016) (unpublished opinion). The panel explained the district court did not err because our Supreme Court explicitly overruled *Murdock* and the panel was bound by Kansas Supreme Court precedent. *Greene*, 2016 WL 4582546, at *2. Our Supreme Court denied Greene's petition for review, and the mandate was issued June 6, 2017.

In March 2020, Greene filed a pro se K.S.A. 60-1507 motion, essentially alleging actual innocence, ineffective assistance of counsel, and various trial errors. As for the actual innocence claim, Greene asserted the victim recanted her statements and other family members submitted affidavits as to why the allegations were made at all. The affidavits are not in the record on appeal. Greene also asserted his trial counsel "made no attempt to investigate or present any evidence as to the truth of [Greene's] allegations that his conduct on the date in question was motivated by real and credible truth." Greene asked the district court for compensatory and punitive damages, to remand for a new trial, and for a declaratory judgment acknowledging a violation of his due process rights.

The district court summarily dismissed Greene's K.S.A. 60-1507 motion as successive and untimely with no applicable statutory exception to prevent manifest injustice. The district court also found Greene failed to make a colorable claim of actual innocence. The district court noted:

> "In 2014, Greene filed his first [K.S.A.] 60-1507 motion, raising more than 25 claims. This motion was heard and denied November 15, 2017. Greene appealed the denial of his motion for new trial based on new DNA evidence. On January 18, 2019, the Mandate from the Court of Appeals was filed, affirming the trial court's denial of a new trial, and specifically finding that Greene had waived any claim of ineffective assistance of counsel. The Mandate also contain[ed] the Supreme Court's denial of a petition for review. *Greene v. State*, No. 118,020, 2018 WL 2748484 (Kan. App. 2018) (unpublished [opinion]).
>
> "In 2017, Greene filed a second [K.S.A.] 60-1507 motion raising at least twelve additional claims. After appointment of counsel, and the state's response, the trial court dismissed Greene's second motion without hearing on August 7, 2018. Greene filed a *pro se* Notice of Appeal, but the appeal was apparently never docketed."

The prior K.S.A. 60-1507 motions, and the orders denying the motions, are not in the record on appeal.

ANALYSIS

On appeal, Greene argues the district court erred by not granting an evidentiary hearing on his K.S.A. 60-1507 motion. Greene makes a claim of actual innocence, alleging the victim recanted her testimony and this new development requires an evidentiary hearing. The State responds Greene's claim is untimely, successive, conclusory, and fails to raise a substantial issue of law or fact. The State also opposes Greene's ineffective assistance of counsel claim, which Greene does not assert on appeal. Thus, Greene waives and abandons such issue. See *State v. Arnett*, 307 Kan. 648, 650, 413 P.3d 787 (2018) (issue not briefed deemed waived and abandoned).

A district court has three options when handling a K.S.A. 60-1507 motion:

> "'(1) The court may determine that the motion, files, and case records conclusively show the [movant] is entitled to no relief and deny the motion summarily; (2) the court may determine from the motion, files, and records that a potentially substantial issue exists, in which case a preliminary hearing may be held. If the court then determines there is no substantial issue, the court may deny the motion; or (3) the court may determine from the motion, files, records, or preliminary hearing that a substantial issue is presented requiring a full hearing.'" *White v. State*, 308 Kan. 491, 504, 421 P.3d 718 (2018).

The district court here exercised the first option and determined the motion, files, and case records conclusively showed Greene was not entitled to relief. When the district court summarily dismisses a K.S.A. 60-1507 motion, we conduct a de novo review to determine whether the motion, files, and records of the case conclusively establish the movant is not entitled to relief. *Beauclair v. State*, 308 Kan. 284, 293, 419 P.3d 1180 (2018). Greene, as the movant, bears the burden to establish his K.S.A. 60-1507 motion warrants an evidentiary hearing by alleging more than conclusory contentions. See *Noyce v. State*, 310 Kan. 394, 398, 447 P.3d 355 (2019).

4

K.S.A. 2019 Supp. 60-1507(f)(1)—the statute in effect at the time Greene filed his K.S.A. 60-1507 motion—provides:

> "Any action under this section must be brought within one year of:
> "(A) The final order of the last appellate court in this state to exercise jurisdiction on a direct appeal or the termination of such appellate jurisdiction; or
> "(B) the denial of a petition for writ of certiorari to the United States supreme court or issuance of such court's final order following granting such petition."

The district court may extend the one-year time limitation to bring an action under K.S.A. 60-1507(f)(1) "only to prevent a manifest injustice." K.S.A. 2023 Supp. 60-1507(f)(2). To find manifest injustice, courts are "limited to determining why the [movant] failed to file the motion within the one-year time limitation or whether the [movant] makes a colorable claim of actual innocence." K.S.A. 2023 Supp. 60-1507(f)(2)(A). A movant who files a motion under K.S.A. 60-1507 outside the one-year time limitation in K.S.A. 2023 Supp. 60-1507(f) and fails to affirmatively assert manifest injustice is procedurally barred from maintaining the action. *State v. Trotter*, 296 Kan. 898, 905, 295 P.3d 1039 (2013).

After Greene's resentencing as a persistent sex offender, our Supreme Court denied his petition for review on May 24, 2017. The mandate was issued June 6, 2017. Greene had until June 6, 2018, to file a K.S.A. 60-1507 motion. Because Greene's prior K.S.A. 60-1507 motions, and the orders denying those motions, are not in the record on appeal, it is unclear precisely when the motions were filed. The record suggests the district court denied Greene's first K.S.A. 60-1507 motion on November 15, 2017. The record also suggests the district court denied Greene's second K.S.A. 60-1507 motion on August 17, 2018. Even if Greene had one year from the district court's denial of a prior motion under the recently amended statute—K.S.A. 2023 Supp. 60-1507(f)(1)(C)—to bring another action, he would have had until August 17, 2019, to file a claim. But Greene untimely filed his third K.S.A. 60-1507 motion in March 2020.

A sentencing court is also not required "to entertain a second or successive motion for similar relief on behalf of the same [movant]." K.S.A. 2023 Supp. 60-1507(c); *Beauclair*, 308 Kan. at 304. "Because a movant is presumed to have listed all grounds for relief in his or her initial K.S.A. 60-1507 motion, a [movant] must show exceptional circumstances to justify the filing of a successive motion." *State v. Mitchell*, 315 Kan. 156, 160, 505 P.3d 739 (2022). That is, the movant must show "'unusual events or intervening changes in the law which prevent[ed] a movant from reasonably being able to raise all of the trial errors in the first postconviction proceeding.'" 315 Kan. at 160.

Exceptional circumstances can include a colorable claim of actual innocence, such as a victim recanting testimony that formed the basis of the charge against the defendant. *Beauclair*, 308 Kan. at 304. "[A]ctual innocence requires the [movant] to show it is more likely than not that no reasonable juror would have convicted the [movant] in light of new evidence." K.S.A. 2023 Supp. 60-1507(f)(2)(A).

Greene asserts the district court should have held an evidentiary hearing on his claim of actual innocence based on his "belief" the victim recanted her testimony. Greene failed to establish his K.S.A. 60-1507 motion warranted an evidentiary hearing because his allegations are conclusory contentions. See *Noyce*, 310 Kan. at 398. Greene provided no factual support for his claim of actual innocence, such as how he received such information, when the victim allegedly recanted her testimony, or even what statements were recanted. While Greene alleged the victim's family members provided affidavits that "'offer intrinsic evidence and extrinsic evidence as to why the allegations were made in the first place,'" the affidavits are not in the record on appeal. Greene provided no specific information about the family's affidavits or what information was in the affidavits to support his claim of actual innocence.

Greene failed to meet his burden to establish a colorable claim of actual innocence. The district court did nor err in summarily dismissing Greene's third K.S.A. 60-1507 motion.

Affirmed.