NOT DESIGNATED FOR PUBLICATION

No. 127,443

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

DARYL WAYNE ARMSTRONG JR.,
*Appellant*,

v.

STATE OF KANSAS,
*Appellee*.

MEMORANDUM OPINION

Appeal from Saline District Court; JARED B. JOHNSON, judge. Submitted without oral argument. Opinion filed October 10, 2025. Affirmed.

*Justin Ferrell*, of Ferrell Law Office, LLC, of Concordia, for appellant.

*Ethan C. Zipf-Sigler*, assistant solicitor general, and *Kris W. Kobach*, attorney general, for appellee.

Before HILL, P.J., PICKERING and BOLTON FLEMING, JJ.

PER CURIAM: In this second attempt seeking habeas corpus relief from his sex crimes convictions, Daryl Wayne Armstrong Jr. failed to show the court any exceptional circumstances that would permit a second try. Accordingly, his motion was summarily dismissed. The court was correct in doing so, and we therefore affirm its decision.

1

*A jury trial leads to several convictions and an unsuccessful appeal.*

A jury found Armstrong guilty of six off-grid felonies—four counts of aggravated indecent liberties with a child and two counts of aggravated criminal sodomy—and two grid felonies all related to the sexual assault of Armstrong's young relative. His sentence is 150 years to life plus 98 months. Armstrong directly appealed his convictions and sentence, which were affirmed on appeal. See *State v. Armstrong*, No. 112,942, 2016 WL 3960171 (Kan. App. 2016) (unpublished opinion), *rev. denied* 306 Kan. 1320 (2017).

After that, Armstrong sought postconviction relief by moving to overturn his convictions under K.S.A. 60-1507. He alleged 23 claims of ineffective assistance of trial counsel. In a 54-page order, the district court denied each of Armstrong's claims, which ruling was affirmed on appeal. See *Armstrong v. State*, No. 123,529, 2022 WL 496882 (Kan. App. 2022), *rev. denied* 316 Kan. 756 (2022).

*Armstrong moves for postconviction relief a second time.*

Armstrong moved to overturn his convictions in a second K.S.A. 60-1507 motion filed on April 10, 2023. In this filing, he made similar claims of ineffective assistance of trial counsel and postconviction counsel. On April 21, 2023, the district court summarily denied the motion, finding Armstrong's claims were conclusory and his motion was successive. The court found that Armstrong failed to allege facts that show it was more likely than not that no reasonable juror would convict Armstrong based on new evidence. The court also found that Armstrong failed to allege facts supporting the finding of exceptional circumstances. Armstrong filed a notice of appeal to this ruling with the district court on May 15, 2023, but no appeal was docketed at that time. Armstrong filed a request for appointment of counsel in July 2023.

On September 18, 2023, Armstrong filed a motion requesting a "response" to his second K.S.A. 60-1507 motion and renewing his request for appointment of counsel. He filed the same motion again in January 2024, claiming that he had yet to receive a response to his motion.

A few days later, on December 15, 2023, Armstrong also filed a "Petition of Actual Innocence under K.S.A. 60-1507(f)(2)(A)," where he argued the evidence at trial amounted to the "'gossip' of a 15 year old girl child under hormonal attack, and the testimony of a person who drinks to[o] much and sleeps with whoever." He also raised several trial errors that deprived him of his right to a fair trial and due process. Also in January 2024, Armstrong filed a second notice of appeal in which he argued that the December 15, 2023, petition should relate back to the filing of his first motion because of the "slow processing" of the motion.

The district court reviewed Armstrong's petition of innocence and concluded that it lacked jurisdiction to consider the petition while his prior K.S.A. 60-1507 was on appeal. Also, the petition did not conform to Supreme Court Rule 137 (2023 S. Ct. R. at 219), as it was not sent to the assigned judge. And, the petition failed to conform to Supreme Court Rule 183 (2023 S. Ct. R. at 242), because it was not docketed separately. For those reasons, the district court dismissed Armstrong's petition of actual innocence. Armstrong appealed that dismissal. In his notice of appeal, Armstrong again argued that his petition of actual innocence was an amendment to his prior K.S.A. 60-1507 motion.

We have only one question to answer. Did the district court err in summarily dismissing Armstrong's second K.S.A. 60-1507 motion? Two cases offer us guidance in answering this question.

Our answer will be based on our review of the record. In *State v. Roberts*, 310 Kan. 5, 12, 444 P.3d 982 (2019), the court held that when the district court summarily

denies a K.S.A. 60-1507 motion, an appellate court conducts de novo review to determine whether the motion, files, and records of the case conclusively establish that the movant is not entitled to any relief. We will follow that ruling.

Then, in making our review, we recognize that Armstrong bears the burden of proof. A movant has the burden to prove that an evidentiary hearing is warranted by making more than conclusory contentions and showing that an evidentiary basis exists or is available in the record. *Noyce v. State*, 310 Kan. 394, 398, 447 P.3d 355 (2019).

Because this is Armstrong's second attempt at habeas corpus relief, some additional rules apply. Under K.S.A. 2022 Supp. 60-1507(c), district courts need not consider more than one habeas motion seeking similar relief filed by the same prisoner. *State v. Mitchell*, 315 Kan. 156, 160, 505 P.3d 739 (2022). See also Supreme Court Rule 183(d). A movant is presumed to have listed all grounds for relief in an initial K.S.A. 60-1507 motion and, therefore, "must show exceptional circumstances to justify the filing of a successive motion." *Mitchell*, 315 Kan. at 160. Exceptional circumstances are unusual events or intervening changes in the law that prevented the movant from reasonably being able to raise the issue in the first postconviction motion. 315 Kan. at 160.

Exceptional circumstances can include ineffective assistance of counsel claims and can also include  a colorable claim of actual innocence based on the crime victim's recantation of testimony that formed the basis of the charge against the defendant. See *Beauclair v. State*, 308 Kan. 284, 304, 419 P.3d 1180 (2018) (colorable claim of actual innocence); *Rowland v. State*, 289 Kan. 1076, 1087, 219 P.3d 1212 (2009) (ineffective assistance of counsel).

 In deciding whether a district court erred in summarily denying a K.S.A. 60-1507 motion as an abuse of remedy, the appellate court's test should be whether the movant "presented exceptional circumstances to justify reaching the merits of the motion,

4

factoring in whether justice would be served by doing so." *Littlejohn v. State*, 310 Kan. 439, 446, 447 P.3d 375 (2019).

*The parties stake out opposing claims about this motion.*

Armstrong argues that his K.S.A. 60-1507 motion is not successive because he did not raise the issue of actual innocence in his first motion. He also contends that his second K.S.A. 60-1507 motion raises issues different than his first motion based on his allegation that he had ineffective assistance of postconviction counsel for failing to address and properly preserve issues in his first K.S.A. 60-1507 motion.

Because Armstrong believes that he was entitled to at least a preliminary hearing, he claims the district court's summary denial of his motion was erroneous. His reasoning for why he should be granted a preliminary hearing is based on new evidence which shows exceptional circumstances to consider his second K.S.A. 60-1507 motion and based on his petition of actual innocence. Though Armstrong concedes that the issue of actual innocence is "very likely not properly before the Court, he is not asking the Court to review such motion, the Appellant is simply asking for the ability to have it properly reviewed by the District Court."

The State argues that Armstrong has alleged no facts to support a finding that exceptional circumstances allow the district court to consider Armstrong's second K.S.A. 60-1507 motion. The State further argues that Armstrong's allegations are purely conclusory and lack support from any argument or citations to the record.

*Mere conclusions that are unsupported by facts or citations to the record fail to convince us.*

Arguments of counsel painted with a broad brush are seldom convincing. Details matter.

Armstrong fails to explain what issues his lawyer failed to raise or preserve in his first K.S.A. 60-1507 motion. He simply claims his lawyer had "short falls" and "short comings that show exceptional circumstances that would at the very least be grounds for a preliminary hearing before the District Court." But merely stating that his lawyer provided ineffective assistance of counsel does not establish exceptional circumstances to warrant consideration of a second or successive K.S.A. 60-1507 motion.

Armstrong's argument lacks any citation to the record. Points and issues that are unsupported by pertinent authority and legal issues that are not adequately briefed are waived or abandoned. *State v. Gallegos*, 313 Kan. 262, 277, 485 P.3d 622 (2021); *State v. Meggerson*, 312 Kan. 238, 246, 474 P.3d 761 (2020).

In our view, Armstrong's argument has been waived or abandoned because the majority of his argument lacks any citation to the record or any supporting authority. Armstrong also fails to explain why his lawyer failed to provide effective assistance of counsel; instead, he simply states that his lawyer failed to address or properly preserve issues. Armstrong does not describe what issues were improperly addressed or preserved, nor does he explain what he wished his lawyer had done differently. Therefore, Armstrong's argument lacks adequate briefing and thus his argument has been waived or abandoned.

We must point out that the record contradicts Armstrong's claim that his petition of actual innocence was never seen or ruled on by the district court. Thus, Armstrong's

request that the petition of actual innocence be properly reviewed by the district court lacks merit.

Finally, without explaining what issues Armstrong's postconviction counsel should have raised or had properly preserved, we cannot conclude his counsel failed to provide effective assistance of counsel. These mere allegations are not proof of exceptional circumstances that would permit a second habeas corpus motion.

We hold that the district court did not abuse its discretion by finding Armstrong's allegations were conclusory and successive and by denying Armstrong's second 60-1507 motion.

Affirmed.