NOT DESIGNATED FOR PUBLICATION

No. 126,744

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

JEREMY L. COLLINS,
*Appellant*.


MEMORANDUM OPINION

Appeal from Sedgwick District Court; JEFFREY SYRIOS, judge. Submitted without oral argument. Opinion filed November 26, 2025. Sentence vacated and case remanded with directions.

*Jennifer C. Roth,* Kansas Appellate Defender, for appellant.

*Matt J. Maloney,* assistant district attorney, *Marc Bennett*, district attorney, and *Kris W. Kobach*, attorney general, for appellee.


Before HURST, P.J., GARDNER and BOLTON FLEMING, JJ.


PER CURIAM: Jeremy L. Collins alleges his criminal sentence is illegal because the district court determined his criminal history score by wrongly including prior class C misdemeanors and a criminal threat conviction. This court finds no error in Collins' first claim of error. The district court properly included Collins' prior Class C misdemeanor assault convictions when calculating the criminal history score. However, as Collins asserts and the State agrees, the inclusion of Collins' prior criminal threat conviction raises a reasonable question of prejudicial error warranting further review. As such, Collins' sentence is vacated and remanded with directions as provided herein.

1

FACTUAL AND PROCEDURAL BACKGROUND

As a result of a 2016 felony aggravated assault conviction, Collins was required to register under the Kansas Offender Registration Act (KORA) for 15 years. The State charged Collins on July 8, 2021, with one count of felony failure to register under KORA, alleging that Collins failed to register under KORA in May 2021 and that his whereabouts were unknown. This appeal stems from Collins' sentence related to that charge.

Collins pled guilty to failing to register under KORA. At sentencing on October 1, 2021, Collins did not object to the amended Presentence Investigation (PSI) or his criminal history score of A. The district court sentenced Collins to 46 months of incarceration, but it suspended the prison sentence and placed Collins on probation for 15 months.

According to the State, Collins almost immediately failed to comply with the terms of probation. The State filed warrants for his arrest in November 2021 and January 2022, alleging Collins failed to report to his supervisor as directed on multiple occasions and again failed to register under KORA. At a hearing on March 9, 2022, Collins admitted to all the allegations, and the district court revoked the probation and imposed the underlying 46-month prison sentence. Collins did not appeal the probation revocation.

Over a year later, on June 2, 2023, Collins filed a pro se motion for additional jail credit, which the district court denied based on findings that Collins failed to present a substantial question of law or fact; that the journal entry properly awarded jail credit; that the Kansas Department of Corrections determines jail credit and computes the sentence; and that Collins had a "remedy outside of the district court." Collins now appeals from that denial.

DISCUSSION

Collins does not challenge the district court's denial of his request for additional jail credit but instead uses this appeal to challenge the legality of his sentence. Collins argues that he is serving an illegal sentence for two reasons—each concerning the computation of his criminal history score. First, Collins alleges the district court improperly included certain misdemeanor assault convictions in his criminal history. Second, he alleges the court improperly included a conviction resulting from a violation of a statute since declared unconstitutional.

The Kansas Sentencing Guidelines Act (KSGA) uses a combination of a person's criminal history and the severity level of the crime of conviction to determine the presumptive sentencing range for that offense. See K.S.A. 21-6805. A person's criminal history for sentencing purposes generally includes any previous criminal convictions, which are also classified as "person" or "nonperson" offenses. See K.S.A. K.S.A. 21-6810(c), (d). The classified prior convictions are tallied, resulting in a criminal history score. See K.S.A. 21-6809. Criminal history category A—which the district court found applied to Collins in 2021—is the most serious criminal history classification. K.S.A. 21-6809.

A defendant may challenge the legality of their sentence at any time, including for the first time on appeal. K.S.A. 22-3504(a) ("The court may correct an illegal sentence at any time while the defendant is serving such sentence."); *State v. Zongker*, 319 Kan. 411, 437, 555 P.3d 698 (2024). An illegal sentence is one that is either imposed without jurisdiction, is ambiguous, or, as Collins alleges here, "does not conform to the applicable statutory provision, either in character or punishment." K.S.A. 22-3504(c)(1); see *State v. Mitchell*, 315 Kan. 156, 158, 505 P.3d 739 (2022). This includes a sentence based on an

inaccurate criminal history score. See *State v. Dickey*, 301 Kan. 1018, 1034, 350 P.3d 1054 (2015) (explaining that when a district court improperly classifies a prior conviction for purposes of determining a defendant's criminal history score, an illegal sentence results).

Whether a sentence is illegal is a question of law over which appellate courts exercise unlimited review. *State v. Daniels*, 319 Kan. 340, 342, 554 P.3d 629 (2024). To the extent resolution of Collins' argument requires interpretation of a statute, this court's review is also unlimited. 319 Kan. at 342.

1.  *The district court did not err by including Collins' assault convictions in his criminal history score.*

Collins first argues that the district court inaccurately determined his criminal history score by including four class C misdemeanors in the calculation. Initially, three of Collins' class C misdemeanors were combined and classified as a person felony. However, as Collins points out, that conversion was an error because the misdemeanor assaults occurred more than three years prior to Collins' 2021 conviction. Only misdemeanors within that three years could have been converted to a felony in such a manner. See K.S.A. 21-6811(a) (providing that every three prior adult assault convictions "occurring within a period commencing three years prior to the date of conviction for the current crime of conviction shall be rated as one adult conviction . . . of a person felony for criminal history purposes"). However, the district court resolved that issue prior to sentencing and issued an amended PSI.

Collins argues the amended PSI was also in error because it included his misdemeanor assault convictions. According to Collins, class C person misdemeanors should not be included in calculating the criminal history score

because they are not specifically identified in K.S.A. 21-6810(a). However, Collins misinterprets the statute.

Although the statute does not specifically identify Class C person misdemeanors when determining a criminal history score, it does state that *all* person misdemeanor adult convictions are included. See K.S.A. 21-6810(d)(6) ("All person misdemeanors, class A nonperson misdemeanors and class B select nonperson misdemeanors, . . . shall be considered and scored."). The statute provides that the criminal history categories are based on the following prior convictions: "Person felony adult convictions, nonperson felony adult convictions, person felony juvenile adjudications, nonperson felony juvenile adjudications, *person misdemeanor adult convictions*, nonperson class A misdemeanor adult convictions . . ." (Emphasis added.) K.S.A. 21-6810(a). As the italicized language and the language in subsection (d)(6) shows, person misdemeanor convictions are included when calculating an offender's criminal history. While the statute delineates some classes of convictions, such as class A and select class B *nonperson* misdemeanors, the statute does not distinguish between classes of *person* misdemeanor offenses. Rather, it provides that all classes of person misdemeanors should be included. See K.S.A. 21-6810(a), (d)(6).

Collins' prior convictions for class C person misdemeanor assault were not ultimately converted into a person felony, and were properly included in calculating his criminal history score. See K.S.A. 21-5412(e)(1).

2.    *Collins' challenge to the inclusion of his criminal threat conviction is remanded to the district court as requested by the parties.*

Collins argues his criminal history score was erroneously calculated based on the improper inclusion of his prior felony conviction for criminal threat. He relies on *Boettger*, in which the Kansas Supreme Court held that the portion of K.S.A. 2016 Supp.

21-5415(a)(1) allowing for a conviction for criminal threat in *reckless disregard* for causing fear was unconstitutionally overbroad. *State v. Boettger*, 310 Kan. 800, Syl. ¶ 3, 450 P.3d 805 (2019). Therefore, convictions for reckless criminal threat should not be included when calculating a defendant's criminal history score. K.S.A. 21-6810(d)(9) ("Prior convictions of a crime defined by a statute that has since been determined unconstitutional by an appellate court shall not be used for criminal history scoring purposes."); see *State v. Smith*, 320 Kan. 62, 91, 563 P.3d 697 (2025).

This court is in a unique position because if *Boettger* applies the parties agree regarding the disposition of this matter. Of course, the state first argues that a recent decision from the United State Supreme Court undermines the holding of *Boettger* making it inapplicable here. See *Counterman v. Colorado*, 600 U.S. 66, 81-82, 143 S. Ct. 2106, 216 L. Ed. 2d 775 (2023). However, an even more recent decision from the Kansas Supreme Court clarifies that *Counterman* does not change the effect of *Boettger* when applying the Kansas statute prohibiting the use of a conviction based on a previously overruled statute in calculating a criminal history score. *Smith*, 320 Kan. at 91 ("[W]hile the parties argue at length as to whether [*Counterman*] effectively overruled *Boettger*, this consideration is irrelevant under the plain language of K.S.A. 21-6810(d)(9), which asks *only* whether an appellate court 'has since' ruled the statute unconstitutional—not whether that holding remains good law."). In other words, even after the *Counterman* decision, *Boettger*'s impact on the use of criminal threat convictions in determining a defendant's criminal history is unchanged.

Therefore, following the Kansas Supreme Court's decision in *Smith*, if Collins' prior conviction for criminal threat was based on reckless conduct it cannot be used to calculate his criminal history score. K.S.A. 21-6810(d)(9); *Smith*, 320 Kan. at 91; see *State v. Patton*, 315 Kan. 1, 16, 503 P.3d 1022 (2022) (The Kansas Court of Appeals is duty bound to follow Kansas Supreme Court precedent unless there is some indication that the Supreme Court is departing from its previous position.).

Where, as here, a defendant challenges their criminal history score for the first time on appeal, the defendant has "the burden of designating a record that shows prejudicial error." K.S.A. 21-6814(d). In making this showing, the defendant may do as Collins has and attach permissible court records for this court to consider in making its prejudicial error determination. See K.S.A. 21-6814(d). The journal entry simply describes the conviction at issue as "criminal threat, severity level 9, felony." The charging documents describe the criminal threat charge as "communicated with the intent to terrorize . . . or in reckless disregard of the risk of causing such terror."

Given that *Boettger* applies, the State agrees with Collins that remand is appropriate because these documents do not conclusively demonstrate whether Collins' conviction was based on reckless or intentional conduct. According to the State's brief, "[a]t a remand hearing, it is possible that the transcript of the plea hearing, or some other documents from the 2007 case, would conclusively resolve this matter." Under K.S.A. 21-6814(d), this court "may remand the case if there is a reasonable question as to whether prejudicial error exists." See, e.g., *State v. Lawson*, No. 126,008, 2024 WL 2104651, at *3 (Kan. App. 2024) (unpublished opinion).

CONCLUSION

The district court did not err by including Collins' class C assault misdemeanors in his criminal history score. However, the State agrees that Collins has shown a reasonable question as to whether prejudicial error exists from including his prior criminal threat conviction to calculate his criminal history score. Therefore, Collins' sentence is vacated and the case is remanded to the district court for further proceedings. To prevail on remand, Collins carries the burden to demonstrate prejudicial error by showing the prior

criminal threat conviction was for reckless conduct and thus cannot be included in calculating his criminal history score in the present case pursuant to K.S.A. 21-6810(d)(9).

Sentence vacated and case remanded with directions.