NOT DESIGNATED FOR PUBLICATION

No. 127,866

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

CHARLES LEROY FREEMAN III,
*Appellant*,

v.

STATE OF KANSAS,
*Appellee*.

MEMORANDUM OPINION

Appeal from Shawnee District Court; CHERYL RIOS, judge. Submitted without oral argument. Opinion filed November 26, 2025. Affirmed.

*Gerald E. Wells*, of Jerry Wells Attorney-at-Law, of Lawrence, for appellant, and *Charles Leroy Freeman III*, appellant pro se.

*Jodi Litfin*, deputy district attorney, *Michael F. Kagay*, district attorney, and *Kris W. Kobach*, attorney general, for appellee.

Before ISHERWOOD, P.J., CLINE, J., and COURTNEY D. CRAVER, District Judge, assigned.

CLINE, J.: Charles Leroy Freeman III appeals the district court's summary denial of his second motion for relief under K.S.A. 60-1507 as untimely and successive. Freeman contends the court should have held a hearing to explore Freeman's claim that he had new evidence which, if shown to a jury, would have resulted in an acquittal.

After reviewing the record, we find no error. K.S.A. 60-1507 only allows a court to extend its one-year filing deadline to prevent a manifest injustice. To satisfy this

1

exception, Freeman was required to either make a colorable claim that he was innocent of the charges or explain why he failed to meet the deadline. K.S.A. 2024 Supp. 60-1507(f)(2). He did neither. He provided no explanation for his untimeliness, and the district court found his proffered evidence did not support his allegations or show he is innocent.

Moreover, Freeman already filed one K.S.A. 60-1507 motion and a district court need not consider more than one habeas motion seeking similar relief filed by the same prisoner. *State v. Mitchell*, 315 Kan. 156, 160, 505 P.3d 739 (2022); see K.S.A. 2024 Supp. 60-1507(c); Supreme Court Rule 183(d) (2025 Kan. S. Ct. R. at 237). A movant is presumed to have listed all grounds for relief in an initial 60-1507 motion and, therefore, "must show exceptional circumstances to justify the filing of a successive motion." *Mitchell*, 315 Kan. at 160. Freeman failed to show such circumstances. We therefore affirm the district court's denial of Freeman's motion.

FACTUAL AND PROCEDURAL BACKGROUND

In December 2017, a jury convicted Freeman of five counts of aggravated criminal sodomy and one count of aggravated indecent liberties with a child against two minors. *State v. Freeman*, No. 121,935, 2021 WL 5758242, at *1 (Kan. App. 2021) (unpublished opinion). The district court sentenced Freeman to imprisonment for life on each charge. 2021 WL 5758242, at *3.

Freeman appealed his convictions, asserting constitutional claims, errors in the jury instructions, and prosecutorial errors during voir dire and closing argument. In December 2021, this court affirmed Freeman's convictions in part, reversed in part, and vacated in part. We held that Freeman lacked standing to present his constitutional challenge and that even if the prosecutor's statements were made in error, that error was harmless. We agreed, however, that jury instruction errors required us to reverse three of

2

his aggravated criminal sodomy convictions and vacate those sentences. But our vacation of these sentences did not affect Freeman's controlling life sentence. 2021 WL 5758242, at *9. In May 2022, the Kansas Supreme Court denied Freeman's petition for review.

In February 2023, Freeman filed a K.S.A. 60-1507 motion. In this first motion, Freeman gave four reasons why he believed he was entitled to habeas relief: statute of limitations, false arrest, false imprisonment, and malicious prosecution. The district court denied this motion and Freeman did not appeal.

In June 2023, Freeman filed a second K.S.A. 60-1507 motion—the one before us today. In this motion, Freeman presented 97 grounds for relief, which the district court organized into three categories: (1) statute of limitations, (2) suppression and nonsuppression of evidence, and (3) jury instruction errors. The court found that Freeman's motion was successive, and he failed to present exceptional circumstances warranting relief. The court also determined that Freeman's motion was untimely, and because he did not show manifest injustice if the court denied his motion, the court declined to review the merits of Freeman's arguments.

### Review of Freeman's Appellate Challenge

A district court has three options when handling a K.S.A. 60-1507 motion:

> "'(1) The court may determine that the motion, files, and case records conclusively show the prisoner is entitled to no relief and deny the motion summarily; (2) the court may determine from the motion, files, and records that a potentially substantial issue exists, in which case a preliminary hearing may be held. If the court then determines there is no substantial issue, the court may deny the motion; or (3) the court may determine from the motion, files, records, or preliminary hearing that a substantial issue is presented requiring a full hearing.' [Citations omitted.]" *State v. Adams*, 311 Kan. 569, 578, 465 P.3d 176 (2020).

Here, the district court chose the first option and summarily denied Freeman's motion. "'When the district court summarily denies a K.S.A. 60-1507 motion, an appellate court conducts de novo review to determine whether the motion, files, and records of the case conclusively establish that the movant is not entitled to any relief.'" *State v. Roberts*, 310 Kan. 5, 12, 444 P.3d 982 (2019). A movant has the burden to prove an evidentiary hearing is warranted by making more than conclusory contentions and showing that an evidentiary basis exists or is available in the record. *Noyce v. State*, 310 Kan. 394, 398, 447 P.3d 355 (2019).

*Did the district court err in denying Freeman's motion as untimely?*

A defendant has one year from when a conviction becomes final to file a motion under K.S.A. 2024 Supp. 60-1507(a). K.S.A. 2024 Supp. 60-1507(f)(1). This deadline may be extended only to prevent manifest injustice. K.S.A. 2024 Supp. 60-1507(f)(2). When determining whether manifest injustice is shown, courts are "limited to determining why the prisoner failed to file the motion within the one-year time limitation or whether the prisoner makes a colorable claim of actual innocence." K.S.A. 2024 Supp. 60-1507(f)(2)(A).

Before the district court and this court, Freeman only argues his evidence showed he was innocent—he provided no explanation for his untimeliness. Yet the court accepted his evidence at face value and not only found that it did not support Freeman's allegations, but it also found the evidence did not show he was innocent.

Freeman provides us with no basis to find the district court misunderstood his evidence. Instead, he makes only conclusory statements that his evidence "goes to the question of manifest injustice" and that the exhibits attached to his motion "present potentially meritorious issues requiring an evidentiary hearing on his claims."

Freeman attached almost 200 pages of documents to his second 60-1507 motion, which included emails, portions of transcripts, an online dating profile, documents filed in his divorce proceedings, birth certificates, an affidavit from Freeman containing a wide variety of allegations, records which appear to be from a child in need of care proceeding, police reports, motor vehicle licensing records, photographs, and other types of documents. But he does not explain which exhibits or what evidence supports his contention, nor does he cite to the record to support any of his arguments. Although he alleges the court should have held a hearing to determine the credibility of his evidence, he offers no explanation why a hearing was required for the court to evaluate that evidence. And while Freeman argues that we should "remand the matter for a *Van Cleave* evidentiary hearing so the district court could hear testimony and review evidence about counsel's representation of defendant," Freeman represented himself with standby counsel most of the trial, only asking standby counsel to take over when Freeman testified. And he does not specify any errors by his standby or appellate counsel, either in his motion or on appeal. *Freeman*, 2021 WL 5758242, at *3; see *State v. Van Cleave*, 239 Kan. 117, 120, 716 P.2d 580 (1986).

A claim of actual innocence sufficient to overcome the one-year time limit for asserting a 60-1507 motion must make more than a conclusory claim of innocence—it must produce or point to new evidence that makes it more likely than not that no reasonable juror would have convicted Freeman. *Beauclair v. State*, 308 Kan. 284, 300, 419 P.3d 1180 (2018). And the "new evidence" of actual innocence must generally be newly discovered evidence—meaning the evidence was not presented at trial and could not have been produced at trial through reasonable diligence. See *Moncla v. State*, 285 Kan. 826, 840, 176 P.3d 954 (2008) ("[I]n considering whether the district court should have conducted an evidentiary hearing before denying a new trial, we consider . . . whether [the movant]'s newly discovered evidence could have been produced at his trial through the exercise of reasonable diligence."). Yet Freeman makes no effort to show his evidence was new. In fact, at least some of his evidence was not new since, as the district

court noted, Freeman claims some of the evidence was incorrectly excluded from trial or addressed in his first motion.

After reviewing Freeman's arguments on appeal and his motion, we find no fault with the district court's determination. Freeman failed to make a colorable claim of innocence and, thus, he did not establish the one-year deadline for the filing of his motion should be extended to prevent manifest injustice. Freeman's motion was properly denied as untimely.

*Did the district court err in denying Freeman's motion as successive?*

Having determined Freeman's motion was properly denied as untimely, we need not consider whether it was properly denied as successive. That said, we also agree with this finding by the district court.

In deciding whether a district court erred in summarily denying a 60-1507 motion as successive, the appellate court's test is whether the movant "presented exceptional circumstances to justify reaching the merits of the motion, factoring in whether justice would be served by doing so." *Littlejohn v. State*, 310 Kan. 439, 446, 447 P.3d 375 (2019).

Exceptional circumstances are unusual events or intervening changes in the law that would prevent a prisoner from raising all errors in the first postconviction proceeding. *Mitchell*, 315 Kan. at 160. Exceptional circumstances occur when a prisoner establishes:

> "'(1) ineffective assistance of trial counsel in failing to object regarding an issue;
> (2) ineffective assistance of direct appeal counsel in failing to raise the issue; or (3) newly
> discovered evidence or an unforeseeable change in circumstances or constitutional law

unknown to counsel and the movant at the time of trial and direct appeal.'" *Calhoun v. State*, 56 Kan. App. 2d 185, 194, 426 P.3d 519 (2018).

In his appeal, Freeman states that his "claim of actual innocence based on new evidence constitutes extraordinary circumstances." But, again, Freeman does not identify the evidence he asserts is new, he gives no explanation for why the evidence was not discoverable before, and at least some of this evidence was not new.

The district court concluded that Freeman had the opportunity to challenge his convictions under the current grounds but failed to raise them in his earlier motion. The court also found that Freeman did not present any unusual event or intervening change in the law that would amount to an exceptional circumstance upon which relief may be granted. We see no error in this assessment.

Affirmed.