NOT DESIGNATED FOR PUBLICATION

No. 128,116

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

MATTHEW GREY CAMPBELL,
*Appellant*,

v.

STATE OF KANSAS,
*Appellee*.


MEMORANDUM OPINION

Appeal from Sedgwick District Court; RODGER L. WOODS, judge. Submitted without oral argument. Opinion filed April 24, 2026. Affirmed.

*Gerald E. Wells*, of Jerry Wells Attorney-at-Law, of Lawrence, for appellant.

*Chelsea Anderson*, assistant district attorney, *Marc Bennett*, district attorney, and *Kris W. Kobach*, attorney general, for appellee.


Before MALONE, P.J., BRUNS and HURST, JJ.


PER CURIAM: Matthew Grey Campbell appeals the district court's summary denial of his K.S.A. 60-1507 motion. On appeal, he contends that the district court erred in denying his motion without conducting an evidentiary hearing. For the first time, Campbell claims in his brief that trial counsel was ineffective for failing to secure his right to a speedy trial. In particular, he now argues that trial counsel failed to protect both his statutory and constitutional right to a speedy trial. In addition, he argues that trial counsel failed to adequately prepare him to testify at trial. Based on our review of the record, we find no reversible error. Thus, we affirm.

1

FACTS AND PROCEDURAL HISTORY

On July 17, 2014, a jury convicted Campbell of two counts of rape, two counts of aggravated criminal sodomy, and two counts of aggravated indecent liberties with a child. The district court sentenced him to consecutive life sentences without the possibility of parole on each count. Campbell's convictions and sentences were affirmed by this court on appeal. *State v. Campbell*, No. 113,005, 2016 WL 1274482 (Kan. App. 2016) (unpublished opinion). Likewise, the Kansas Supreme Court denied his petition for review, and a mandate was issued May 8, 2017.

Subsequently, Campbell filed a timely pro se K.S.A. 60-1507 motion and supporting memorandum in district court. Pertinent to this appeal, Campbell claimed that his right to a speedy trial was violated because he had approved only one of the continuances granted by the district court. In addition, he claimed that trial counsel was ineffective for failing to adequately prepare him to testify at trial. In response, the State asked the district court to summarily deny the motion. Campbell replied by filing a document entitled "Summary Judgment in Response to State's Response to K.S.A. § 60-1507 Motion." The State once again responded by requesting that the motion be summarily denied.

Notably, the State pointed out that Campbell had raised his speedy trial claim in a separate pro se motion in his underlying criminal case that had been denied by the district court. Accordingly, the State argued that Campbell's speedy trial claim should be barred under the doctrine of res judicata. Still, the district court appointed an attorney to represent Campbell in his K.S.A. 60-1507 motion. In turn, the attorney filed a supplemental brief in support of Campbell's motion in which he argued that the district court violated his client's statutory right to a speedy trial and also claimed—for the first time—that his client's constitutional right to a speedy trial had been violated. However, at

no time did Campbell claim that trial counsel had been ineffective for failing to ensure that his right to a speedy trial was enforced.

On November 1, 2023, the district court summarily denied Campbell's K.S.A. 60-1507 motion. In doing so, the district court made findings on all of Campbell's claims. Regarding the claims asserted in this appeal, the district court found that the speedy trial claims should have been raised on direct appeal. Likewise, the district court found that no exceptional circumstances justified Campbell's assertion of a constitutional speedy trial claim for the first time in his K.S.A. 60-1507 motion. The district court also found that Campbell had failed to assert how the length of the delay was prejudicial and that no prejudice was apparent from the record. Additionally, the district court found there was no evidence in the record to suggest that Campbell's statutory speedy trial rights had been violated.

Next, the district court found that Campbell had chosen to testify at trial against his attorney's advice and had not shown that his trial counsel was ineffective for failing to properly prepare him to testify. Further, the district court determined that Campbell did not "specify in what way or manner Counsel could have prepared [him] to testify that would have changed the result of his testimony or the verdict." Rather, the district court concluded that it was "purely speculative" to suggest that Campbell would not have been convicted had he been better prepared to testify at trial.

Thereafter, Campbell filed a timely notice of appeal.

ANALYSIS

The sole issue presented on appeal is whether the district court erred in summarily denying Campbell's K.S.A. 60-1507 motion without holding an evidentiary hearing. Campbell argues that he was denied his statutory and constitutional right to a speedy trial.

3

In addition, he argues that trial counsel was ineffective for failing to protect his rights. Finally, he argues that trial counsel was ineffective by failing to adequately prepare him to testify at trial. In response, the State contends that the summary denial of Campbell's K.S.A. 60-1507 motion by the district court was appropriate.

At the outset, we note that the State points out that Campbell has not briefed several of the claims he had asserted in his K.S.A. 60-1507 motion. An issue or claim that is not briefed is deemed to be waived or abandoned. *State v. Davis*, 313 Kan. 244, 248, 485 P.3d 174 (2021). Consequently, we find that Campbell has waived or abandoned any issue or claim not addressed in his brief.

Because the district court summarily denied Campbell's K.S.A. 60-1507 motion, we conduct a de novo review by reviewing the record on appeal to determine whether the motion, files, and records conclusively establish that Campbell is not entitled to relief. See K.S.A. 60-1507(b); *State v. Roberts*, 310 Kan. 5, 12, 444 P.3d 982 (2019). A movant—in this case Campbell—has the burden to establish that an evidentiary hearing is warranted. To do so, the movant must assert more than conclusory or speculative contentions. Instead, the movant must show that an evidentiary basis exists to support his claims or an evidentiary basis must appear in the record. *Noyce v. State*, 310 Kan. 394, 398, 447 P.3d 355 (2019).

Although the district court appropriately appointed an attorney to represent Campbell on his K.S.A. 60-1507 motion, he originally filed his motion pro se. Generally, we liberally construe pro se pleadings. *State v. Brown*, 320 Kan. 426, 431, 569 P.3d 909 (2025). Even so, a pro se movant bears the burden to allege facts sufficient to warrant an evidentiary hearing on the motion. *Mundy v. State*, 307 Kan. 280, 304, 408 P.3d 965 (2018). When a pro se movant offers only conclusory statements and incomplete facts, the movant presents no evidentiary basis to support the claims. See 307 Kan. at 304.

4

*Speedy Trial Claims*

Although Campbell claimed before the district court that he was denied the right to a speedy trial, he has expanded his claim on appeal. For the first time, Campbell claims in his brief that trial counsel was ineffective for failing to secure his right to a speedy trial. In particular, he now argues that trial counsel failed to protect both his statutory and constitutional right to a speedy trial.

A review of the record on appeal reveals that Campbell did not invoke his right to a speedy trial before, during, or after his jury trial. Moreover, he did not assert his statutory or constitutional right to a speedy trial on direct appeal. He also fails to provide any analysis on appeal regarding his constitutional speedy trial claim.

Where a direct appeal is taken from a conviction or sentence, the judgment is res judicata as to all issues raised, as well as all issues that could have been—but were not—raised. *State v. Salary*, 309 Kan. 479, 482, 437 P.3d 953 (2019). Because Campbell did not raise a speedy trial issue on direct appeal, he has the burden of showing exceptional circumstances to allow the court to consider the issue for the first time in a K.S.A. 60-1507 motion. See Supreme Court Rule 183(c)(3) (2026 Kan. S. Ct. R. at 241); *Rowland v. State*, 289 Kan. 1076, 1087, 219 P.3d 1212 (2009). "Exceptional circumstances" have been defined as "'unusual events or intervening changes in the law'" that prevented the movant from previously raising the issue. *State v. Mitchell*, 315 Kan. 156, 160, 505 P.3d 739 (2022).

Here, Campbell has not alleged any exceptional circumstances that prevented him from raising his speedy trial claims on direct appeal. Likewise, Campbell's claim regarding a violation of his constitutional right to a speedy trial has been waived or abandoned on appeal. Even though Campbell makes a conclusory claim of a constitutional speedy trial error in his brief, he fails to explain how his constitutional right

to a speedy trial was violated or cite to any of the factors set forth in *Barker v. Wingo*, 407 U.S. 514, 530, 92 S. Ct. 2182, 33 L. Ed. 2d 101 (1972). He also does not explain how he was prejudiced—if at all—by the delay. Consequently, we find that Campbell has abandoned any claim of a violation of his constitutional right to a speedy trial.

Campbell also argues—for the first time on appeal—that he is not required to establish exceptional circumstances to "raise trial counsel's ineffective performance." He now asserts that trial counsel's performance was ineffective because she failed to protect his speedy trial rights. But this was not the claim that Campbell made before the district court. In his motion, memorandum, and supplemental memorandum filed by his appointed K.S.A. 60-1507 counsel, Campbell never framed his speedy trial issue as a claim of ineffective assistance of counsel. This is significant because Campbell is generally prohibited from raising new issues or claims on appeal.

Before the district court, Campbell merely asserted that the State had violated his right to a speedy trial and did not mention trial counsel's performance. Even after K.S.A. 60-1507 counsel was appointed and filed a supplemental memorandum on his behalf, Campbell still did not claim that his trial counsel was ineffective for failing to protect his speedy trial rights. Instead, we find that Campell has asserted his ineffective assistance of counsel claim based on an alleged failure of his trial counsel to protect his speedy trial rights for the first time on appeal.

When a party raises a new issue or claim on appeal and does not explain why we should consider it for the first time on appeal, the issue or claim is not properly preserved. This includes constitutional grounds for reversal asserted for the first time on appeal. See *State v. Holley*, 315 Kan. 512, 524, 509 P.3d 542 (2022). Even though there are exceptions to this general rule, Supreme Court Rule 6.02(a)(5) (2026 Kan. S. Ct. R. at 36) requires an appellant to explain why an issue that was not raised below should be considered for the first time on appeal. *State v. Johnson*, 309 Kan. 992, 995, 441 P.3d

1036 (2019). In this case, Campbell has offered no explanation for his failure to previously assert this claim. Accordingly, we find that this newly raised claim—in which Campbell alleges that his speedy trial rights were violated due to the ineffectiveness of trial counsel—has not been properly preserved.

*Preparation to Testify Claim*

Campbell further argues that the district court erred by summarily denying his K.S.A. 60-1507 motion because his trial counsel failed to adequately prepare him to testify at trial. He asserts that the lack of preparation caused him to inadvertently implicate himself while testifying. Campbell claims that if he had been adequately prepared on how to respond to certain questions, the outcome of the jury trial would have been different.

Claims of ineffective assistance of counsel are analyzed under the two-prong test articulated in *Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). Under the first prong, a defendant must show that the attorney's performance was deficient. If so, we then move to the second prong and determine whether there is a reasonable probability that—absent counsel's alleged deficient performance—the result would have been different. *State v. Evans*, 315 Kan. 211, 217-18, 506 P.3d 260 (2022).

"A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." *Strickland*, 466 U.S. at 689. In determining whether counsel's performance was ineffective, we "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." 466 U.S. at 689. In other words, Campbell must overcome the strong presumption that his trial counsel's actions resulted

from sound trial strategy. See *Khalil-Alsalaami v. State*, 313 Kan. 472, 486, 486 P.3d 1216 (2021).

Here, the record on appeal reflects that Campbell's trial counsel advised her client not to testify at trial. Nevertheless, Campbell chose to reject this sound advice and decided to testify in his own defense. Evidently, Campbell insisted that he testify at trial because "he was not guilty of two counts of rape."

In her opening statement, Campbell's trial counsel told the jury that some of the evidence that would be presented by the State would not be contested. But she asked the jurors to "pay attention to the lack of any evidence of penetration" as well as to Campbell's statements "regarding what he did and what he didn't do." At that time, it was not decided whether Campbell would testify at trial, but it was known that the State's evidence included statements that he had admitted to some of the alleged criminal conduct.

In testifying at trial, Campbell denied guilt on the rape charges but admitted to conduct supporting the elements of the charges of aggravated criminal sodomy and aggravated indecent liberties with a child. Although Campbell argues that trial counsel failed to ask him if he was innocent of the two rape charges, the record reveals that his attorney reviewed the victim's allegations of penetration and asked Campbell: "Did that happen?" In response, Campbell testified that he never penetrated the victim with his fingers or his penis.

Campbell suggests that his lack of preparation led to him admitting to some of the charges he was facing and that this was detrimental to his defense. But Campbell does not explain how further preparation by trial counsel would have impacted the outcome of the trial. He merely makes a conclusory statement that he was not properly prepared and then speculates that he would not have incriminated himself during his testimony.

8

Based on our review of the record on appeal, we see that Campbell's testimony was consistent with his overall defense strategy of admitting to some of the charges in an attempt to convince the jury that he was not guilty of the rape charges. Despite the strategy, the jury still found Campbell guilty of the two charges of rape. Likewise, we find it significant that Campbell chose to testify against the advice of his trial counsel. Moreover, we find that the evidence presented by the State against Campbell was substantial. Under these circumstances, we conclude that Campbell has failed to meet his burden to show that counsel's performance was deficient or that the alleged deficiency impacted the outcome of the trial.

Campbell also briefly argues that his trial counsel failed to advise him that even if the dates supporting the charges were incorrect in the charging document, the State had the right to amend the charges any time prior to the verdict. See K.S.A. 22-3201(e). This argument is being raised for the first time on appeal without any explanation of why it was not raised before the district court. See *Johnson*, 309 Kan. at 995. Because Campbell has made no attempt to comply with Rule 6.02(a)(5) by explaining why we should consider this argument for the first time on appeal, we find that it has not been preserved for appeal.

We, therefore, affirm the district court's summary denial of Campbell's K.S.A. 60-1507 motion.

Affirmed.