NOT DESIGNATED FOR PUBLICATION

No. 129,662

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

RAMONA MORGAN,
*Appellant*.

MEMORANDUM OPINION

Appeal from Douglas District Court; AMY J. HANLEY, judge. Submitted without oral argument. Opinion filed June 5, 2026. Affirmed.

Submitted by the parties for summary disposition pursuant to K.S.A. 21-6820(g) and (h).

Before WARNER, C.J., ARNOLD-BURGER, J., and LAURA JOHNSON-MCNISH, District Judge, assigned.

PER CURIAM: Ramona Morgan appeals the district court's denial of her motion to correct an illegal sentence. We granted Morgan's motion for summary disposition under Supreme Court Rule 7.041A (2026 Kan. S. Ct. R. at 48). After carefully reviewing the record and the arguments in Morgan's motion, we affirm the district court's judgment.

FACTUAL AND PROCEDURAL BACKGROUND

The tragic underlying facts of this case are known to the parties and have been previously recounted by panels of this court. In short:

1

"In September 2007, Morgan drove her pickup truck at a high rate of speed through a construction zone on U.S. 59 Highway where a crew was resurfacing the road, striking and killing two workers and injuring a third worker. Morgan's adult daughter Sabrina was a passenger in the truck. Morgan claimed she and Sabrina were being pursued by a band of thugs apparently intent on harming them because of a failed real estate deal in rural Missouri." *Morgan v. State*, No. 109,099, 2014 WL 5609935, at *1 (Kan. App. 2014) (unpublished opinion) (*Morgan II*), *rev. denied* 302 Kan. 1011 (2015).

Morgan was convicted of two counts of second-degree murder and one count of aggravated battery in Douglas County (Case No. 2007-CR-1481). The district court sentenced her to 315 months' imprisonment. *State v. Morgan*, No. 101,769, 2010 WL 2245604, at *2 (Kan. App.) (unpublished opinion) (*Morgan I*), *rev. denied* 290 Kan. 1101 (2010). Morgan's convictions and sentence were affirmed on direct appeal. 2010 WL 2245604, at *1.

Morgan was also convicted of fleeing or attempting to elude a police officer in Osage County (Case No. 2007-CR-207). Morgan's convictions were upheld on direct appeal. See *State v. Morgan*, No. 100,700, 2009 WL 3737420, at *1 (Kan. App. 2009) (unpublished opinion), *rev. denied* 290 Kan. 1101 (2010).

Morgan filed many collateral appeals attacking the Douglas County case in both state and federal courts; not all are recounted here. Morgan began in 2011 in state court, filing a motion under K.S.A. 60-1507 raising multiple ineffective assistance of counsel claims against both trial and appellate counsel, but the motion was denied. *Morgan II*, 2014 WL 5609935, at *12. In 2019, Morgan filed another motion construed as a second K.S.A. 60-1507 motion, and again the court denied relief, finding the motion was untimely, successive, and improperly raised trial errors. *State v. Morgan*, No. 123,272, 2021 WL 3708017, at *3-5 (Kan. App. 2021) (unpublished opinion) (*Morgan IV*) (denying Morgan's second K.S.A. 60-1507 motion), *rev. denied* 315 Kan. 970 (2022).

Morgan filed three motions captioned "Motion to Correct an Illegal Sentence," "Motion for Resentencing," and "Motion for Appointment of Counsel." In June 2025, the district court denied these motions, finding that the case files and record conclusively demonstrate that Morgan is not entitled to any relief. Morgan appeals the district court's ruling. This is the fourth time Morgan has sought relief from the state appellate courts on her Douglas County case, counting her direct and three collateral appeals.

DISCUSSION

In her motion to correct an illegal sentence, Morgan asserts that her prosecution and sentence in the Douglas County case was barred by the Osage County case. Morgan argues that because the Douglas County case "does not conform to the applicable statutory provision of K.S.A. 21-5110," it should be vacated.

The district court found that Morgan's motion to correct an illegal sentence improperly raised issues which belonged in a direct appeal and Morgan's initial K.S.A. 60-1507 motion. Thus, the court construed Morgan's motion as a third K.S.A. 60-1507 motion. Morgan does not challenge the district court's characterization of her motion to correct an illegal sentence as a K.S.A. 60-1507 motion. Appellate courts have the discretion to construe an improper motion to correct an illegal sentence as a K.S.A. 60-1507 motion. *State v. Mitchell*, 315 Kan. 156, 159, 505 P.3d 739 (2022). And so, we view Morgan's appeal through the lens appropriate for the summary denial of a K.S.A. 60-1507 motion.

Morgan also filed collateral appeals in federal court without success. Some of Morgan's federal cases are recited in *Morgan IV*, 2021 WL 3708017, at *2. The United States Supreme Court took its last action in Morgan's collateral appeals in November

3

2022. *Morgan v. Geither*, 143 S. Ct. 435, 214 L. Ed. 2d 240 (2022) (denying Morgan's writ of certiorari).

"'When the district court summarily denies a K.S.A. 60-1507 motion, an appellate court conducts de novo review to determine whether the motion, files, and records of the case conclusively establish that the movant is not entitled to any relief.'" *State v. Roberts*, 310 Kan. 5, 12, 444 P.3d 982 (2019) (quoting *Wimbley v. State*, 292 Kan. 796, 804, 275 P.3d 35 [2011]). A movant has the burden to prove that an evidentiary hearing is warranted by making more than conclusory contentions and showing that an evidentiary basis exists or is available in the record. *Noyce v. State*, 310 Kan. 394, 398, 447 P.3d 355 (2019).

After careful consideration, Morgan's motion fails due to procedural deficiencies.

1.      *Morgan's motion was untimely*.

Under K.S.A. 60-1507, a defendant must bring an action within one year of "[t]he final order of the last appellate court in this state to exercise jurisdiction on a direct appeal or the termination of such appellate jurisdiction" or "the denial of a petition for writ of certiorari to the United States supreme court or issuance of such court's final order following granting such petition." K.S.A. 60-1507(f)(1)(A)-(B). A proceeding under K.S.A. 60-1507 is ordinarily not a substitute for direct appeal or a substitute for a second appeal. Supreme Court Rule 183(c)(3) (2026 Kan. S. Ct. R. at 241). Morgan's direct appeal became final in 2010, and her first K.S.A. 60-1507 motion became final in 2014. Morgan cannot use the failed federal collateral appeals that continued into 2022 to extend the deadline for claims that should have been raised on direct appeal. Claims that could have been raised on direct appeal were previously found untimely in *Morgan IV*, 2021 WL 3708017, at *3, and remain untimely now.

4

The one-year time limitation for bringing an action under K.S.A. 60-1507(f)(1) may be extended by the district court only to prevent a manifest injustice. K.S.A. 60-1507(f)(2). In considering manifest injustice, "the court's inquiry shall be limited to determining why the prisoner failed to file the motion within the one-year time limitation or whether the prisoner makes a colorable claim of actual innocence." K.S.A. 60-1507(f)(2)(A). "'[A] defendant who files a motion under K.S.A. 60-1507 outside the 1-year time limitation in K.S.A. 60-1507(f) and fails to assert manifest injustice is procedurally barred from maintaining the action.'" *Roberts*, 310 Kan. at 13 (quoting *State v. Trotter*, 296 Kan. 898, Syl. ¶ 3, 295 P.3d 1039 [2013]).

Morgan raises a claim based on K.S.A. 21-5110 that her convictions violated the rule that bars certain successive prosecutions. See *State v. Wilkins*, 269 Kan. 256, 260, 7 P.3d 252 (2000). But Morgan did not explain the delay of her latest motion, and she did not advance a colorable claim of actual innocence. Thus, Morgan has failed to establish manifest injustice as contemplated in K.S.A. 60-1507(f)(2).

2.      *Morgan's motion was successive.*

"[U]nder K.S.A. 2020 Supp. 60-1507(c), district courts need not consider more than one habeas motion seeking similar relief filed by the same prisoner." *Mitchell*, 315 Kan. at 160; see also Supreme Court Rule 183(d) (2026 Kan. S. Ct. R. at 241). A movant is presumed to have listed all grounds for relief in an initial K.S.A. 60-1507 motion and, therefore, "must show exceptional circumstances to justify the filing of a successive motion." *Mitchell*, 315 Kan. at 160. Exceptional circumstances are unusual events or intervening changes in the law that prevented the movant from reasonably raising the issue in the first postconviction motion. 315 Kan. at 160. In deciding whether a district court erred in summarily denying a K.S.A. 60-1507 motion as abuse of remedy, the appellate court's test should be whether the movant "presented exceptional circumstances

5

to justify reaching the merits of the motion, factoring in whether justice would be served by doing so." *Littlejohn v. State*, 310 Kan. 439, 446, 447 P.3d 375 (2019).

The Kansas Supreme Court has held that K.S.A. 60-1507(c) not only bars claims already raised in motions but "'also those claims that *could* have been raised in a prior motion.'" *Morgan IV*, 2021 WL 3708017, at *4 (quoting *Toney v. State*, 39 Kan. App. 2d 944, 948, 187 P.3d 122, *rev. denied* 287 Kan. 769 [2008]). "We presume that a K.S.A. 60-1507 movant sets out all grounds on which he or she is relying in his or her first motion, and 'a second K.S.A. 60-1507 motion, in which additional grounds for relief are alleged, may properly be denied as successive and constitutes an abuse of remedy. [Citation omitted.]'" *Morgan IV*, 2021 WL 3708017, at *4 (quoting *Toney*, 39 Kan. App. 2d at 948).

This is Morgan's third motion filed under K.S.A. 60-1507 on appeal in state court. Morgan makes no argument that her claim is based on a change in the applicable law or that an unusual event prevented her from making this claim earlier. Thus, Morgan has not shown that exceptional circumstances warrant yet another K.S.A. 60-1507 motion.

The district court properly found that Morgan's motion was untimely and successive. Having found Morgan's motion procedurally flawed in two substantial ways, we need not reach the merits of her motion. The district court's summary denial of the motion was appropriate.

3.     *Morgan's motion for appointment of counsel.*

In March 2024, Morgan filed a "Motion to Appoint Counsel," which requested that the district court appoint counsel to represent her in the motion to correct an illegal sentence. After concluding, without objection, that the motion would be construed as a K.S.A. 60-1507 motion, the district court correctly found that there was no constitutional

6

right to assistance of counsel in a K.S.A. 60-1507 proceeding because Morgan's motion did not present "substantial legal issues nor any triable issues of fact." See K.S.A. 22-4506(b) (outlining a statutory right to court appointed counsel for an indigent defendant "[i]f the court finds that the petition or motion presents substantial questions of law or triable issues of fact"); *Thuko v. State*, 310 Kan. 74, 79, 444 P.3d 927 (2019) (no right to court appointed counsel in postconviction proceedings).

Because we have likewise found that Morgan has not raised any substantial issues or triable issues of fact because her motion is procedurally barred as both untimely and successive, we affirm the district court's denial of Morgan's motion for appointment of counsel.

Affirmed.